# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3744

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Arkansas |
| William Joseph Allen, | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted: June 12, 2008
Filed: August 27, 2008

_____

Before SMITH and GRUENDER, Circuit Judges, and ROSENBAUM,[1] District Judge.

_____

ROSENBAUM, District Judge.

On September 11, 2007, a jury convicted William Joseph Allen on charges of being a felon in possession of a firearm and a felon in possession of ammunition, in

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

violation of 18 U.S.C. § 922(g)(1). The district court[2] sentenced Allen to 46 months imprisonment on each count, to be served concurrently. Allen appeals. We affirm.

I.  BACKGROUND

Shortly after midnight, on March 4, 2006, Officers Robin Marquez and Carlos Ushery of the Little Rock, Arkansas, Police Department, approached an automobile in a closed city park. Two men, David Hall, Jr., and appellant, William Joseph Allen, stood drinking in front of the vehicle. On the Officers' approach, the men attempted to enter the vehicle, Hall through the front driver-side door, and Allen through the front passenger door. Both men were removed from the vehicle and patted down; each was then placed in a separate patrol car. A records check revealed Hall, Jr., had outstanding warrants, and Allen had a felony conviction.

The Officers conducted an inventory search before impounding the vehicle. They found a loaded handgun under the passenger seat where Allen had attempted to enter the car. One bullet was chambered, nine more were in the magazine.

Trial evidence revealed that, upon seeing the Officers remove the weapon, Allen began to beat on the patrol car window. Officer Marquez testified Allen said "he had a perfectly good explanation for the gun," and "the gun was his wife's and he was taking it to have it oiled and cleaned." Knowing Allen was a convicted felon, the Officers arrested him on suspicion of being a felon in possession of a firearm and transported him to the station. During jailhouse processing, the Officers found ten additional ammunition rounds in Allen's jacket.

---

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

A grand jury indicted Allen on the counts for which he was convicted. At trial, the government offered two witnesses in its case-in-chief: the investigating Officers. Allen's counsel called Hall, Jr., the driver, and his father, David Hall, Sr., who owned the car.

Hall, Jr., testified to borrowing his father's car without permission the night of the arrest. He denied asking his father whether there were any weapons in the car, or seeing any in it. He denied seeing Allen reach under the passenger seat or handle a weapon or ammunition. He swore the jacket Allen was wearing belonged to Kathy Seymour, Allen's then-girlfriend, and the registered owner of the gun.

On cross-examination, and over objection, Hall, Jr., admitted having a misdemeanor battery and assault conviction. According to defense counsel, misdemeanor convictions are not permissible for purposes of impeachment. The district court overruled, noting that, under federal law, one convicted of misdemeanor domestic battery is prohibited from possessing a firearm. In light of this prohibition, the Court allowed evidence of Hall's conviction to show bias, or more specifically, his motive to deny any knowledge of or possession of the gun. Hall, Jr., then testified he only learned of this firearm-possession bar a couple of days before trial.

Hall, Sr., testified that he accompanied Ms. Seymore when she purchased the gun. He said he cleaned the gun for her a few weeks after she purchased it, and then placed it under the passenger seat in his car. He said there were no bullets in the gun when he put it there.

On cross-examination, Hall, Sr., was asked about a conversation with Russ Littleton, a Little Rock Detective. He denied telling the Detective he cleaned the gun four to five days after it was purchased. He admitted telling the Detective he was surprised to learn two months had passed between the gun purchase on December 3, 2005, and Allen's February 4, 2006, arrest. After this testimony, the defense rested.

The government offered Detective Littleton in rebuttal. Over objection, he testified concerning his conversation with Hall, Sr. Defense counsel argued the Detective's testimony was hearsay and improper impeachment by use of collateral extrinsic evidence, in violation of Rule 613(b) of the Federal Rules of Evidence ("Fed. R. Evid."). The district court overruled, finding Hall, Sr.'s, statements about the timing of the gun purchase and its cleaning material to the question of how the gun got into the car. The district court also ruled the testimony was evidence of a prior inconsistent statement, and therefore, not hearsay.

Detective Littleton said he interviewed Hall, Sr., a few days before trial. According to Littleton, Hall, Sr., said he cleaned the gun and put it in the car five days after the purchase. The court gave a limiting instruction, telling the jury the Detective's testimony was admitted for impeachment purposes only and not to prove the truth of the matter asserted.

The defense then called Michael Watts, a Federal Defender's investigator, for surrebuttal. Watts said he discussed the timing issue with Hall, Sr., on two occasions. He said Hall, Sr., said he was unsure of the exact timing, but referred to the time in weeks, rather than days.

The jury convicted Allen on both counts. Allen appeals, asserting (1) the district court erred in permitting Hall, Jr., and Hall, Sr., to be improperly impeached; and (2) the evidence was insufficient to support his conviction.

## II. DISCUSSION

### A. Evidentiary Rulings

Allen claims the district court erred in admitting Hall, Jr.'s, misdemeanor conviction. He argues the testimony violated Fed. R. Evid. 609, which limits admission

of criminal convictions for the purpose of attacking a witness's character for truthfulness. Allen claims, too, the government violated Fed. R. Evid. 611(b) in its cross-examination of Hall, Sr. According to Allen, Hall, Sr., did not address the timing of when he placed the gun under the seat in his direct examination. Allen further claims the government improperly used hearsay and extrinsic evidence to impeach Hall, Sr., in violation of Rules 801 and 613(b), respectively. "We review <u>de novo</u> the district court's interpretation and application of the rules of evidence, and review for an abuse of discretion the factual findings supporting its evidentiary ruling." <u>See</u> <u>United States v. Smith</u>, 383 F.3d 700, 706 (8th Cir. 2004) cert. denied, 547 U.S. 1022 (2006).

### 1. David Hall, Jr.'s, Testimony

We find no error of law or abuse of discretion in permitting evidence of Hall, Jr.'s, domestic assault and battery conviction. Hall, Jr., testified on direct examination he did not know the gun was in the car, and he did not see Allen possess it. The government offered his misdemeanor conviction to show Hall, Jr., himself, was prohibited from possessing a firearm. <u>See</u> 18 U.S.C. § 922(g)(9). The district court properly perceived that, if Hall, Jr., admitted knowledge of or possession of the gun, he may have implicated himself in the commission of a crime. This provided a motive to disavow any knowledge of the firearm.

This self-interested bias "might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." <u>United States v. Abel</u>, 469 U.S. 45, 52 (1984). Impeachment for bias is fully permitted under the common law of evidence. <u>See</u> <u>id.</u> "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." <u>Id.</u>

This misdemeanor conviction was not used to cast doubt on Hall, Jr.'s, character for truthfulness, which would have violated Rule 609. <u>See</u> Fed. R. Evid. 609(a)

(limiting admission of a criminal conviction "for the purpose of attacking the character for truthfulness of a witness" to felonies and misdemeanor crimes of dishonesty). Nor was the domestic assault conviction used, contrary to Rule 404(b), "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The government was not trying to prove Hall, Jr., had committed a crime. The district court properly allowed the evidence of his conviction, as it set the basis for a specific motive to lie about his possession of the gun.

Allen denies Hall, Jr., could have been biased, because Hall, Jr., denied knowing of the prohibition at the time of the offense. This, of course, assumes Hall, Jr.'s, testimony was credible, a proposition as to which we offer no opinion; a witness's credibility is reserved for the jury which heard the testimony. Even assuming Hall, Jr.'s, credibility concerning his knowledge at the time of the arrest, Hall, Jr., testified he learned of the prohibition a couple of days before trial.

Regardless of when Hall, Jr., first learned he was barred from possessing a weapon, he certainly knew when he testified that admitting knowledge of the gun might be contrary to his interest. We find no abuse in discretion in admitting his conviction as evidence of bias.

### 2. David Hall, Sr.'s, Testimony

Allen claims the district court erred in permitting the government to go beyond the scope of Hall, Sr.'s, direct testimony on cross-examination, and in allowing the use of extrinsic evidence to impeach his testimony on a collateral matter. On direct testimony, Hall, Sr., testified he helped Ms. Seymore purchase the gun. He said that a few weeks later he cleaned it, wrapped it, and put it - unloaded - under the car's seat. The prosecutor, on cross-examination, asked whether he told Detective Littleton he had done these things four to five days after the purchase. Hall, Sr., denied making that statement, insisting he placed the gun in the car a few weeks after the purchase.

When the defense rested, the government rebutted Hall, Sr.'s, testimony by calling Detective Littleton to relate his version of the conversation. Defense counsel objected, claiming the Detective's testimony was hearsay and improperly presented extrinsic evidence of a collateral matter. He argued the gun-placement timing was not material to the issues being tried. The district court admitted the Detective's testimony, finding the evidence was material as it bore directly on the question of how the gun came to be in the car when Allen was arrested.

The appellant first complains Hall, Sr., did not address the timing of when he placed the gun in the car on direct examination. From this, he argues the prosecutor's examination improperly went beyond the scope of Hall, Sr.'s, direct testimony. He claims a violation of Fed. R. Evid. 611(b), which limits cross examination to subject matters raised on direct examination and matters affecting witness credibility. This argument fails because appellant is incorrect: Hall, Sr., did address the timing issue during his direct examination. He did so when he stated, on direct examination, he cleaned the gun and put it in the car "a few weeks" after the purchase. (Trial T. vol. I 78.) Allen's assertion that timing was beyond the scope of direct is without merit.

More substantively, Allen asserts error in allowing Detective Littleton to testify about his conversation with Hall, Sr. He claims Hall, Sr.'s, statement to the Detective is hearsay and extrinsic evidence of a collateral matter. He is incorrect. The Detective's recitation of Hall, Sr.'s, statement as to when he placed the gun in the car was not offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c). The question was whether Hall, Sr., made this statement which was contrary to his direct testimony; the question was not whether the statement related by the Detective was true. The district court's limiting instruction told the jury the statements were to be considered only as impeachment, and not for the truth of the matter asserted.

Fed. R. Evid. 613(b) addresses the use of extrinsic evidence to prove that a witness made a prior inconsistent statement. Such evidence is permitted when the

witness is afforded an opportunity to explain or deny the earlier statement, the opposing party has the opportunity to interrogate the witness thereof, and the evidence is material to the substantive issues of the case. See United States v. Bolzer, 367 F.3d 1032, 1038 (8th Cir. 2004). And of course, pursuant to Rule 403, the probative value of the statement must not be substantially outweighed by unfair prejudice.

We find each requirement has been fulfilled here. After identifying the prior inconsistent statement, the prosecutor gave Hall, Sr., an opportunity to address the inconsistency, which he denied. (Trial T. Vol. I 80-82.) Defense counsel chose not to further question the witness. A matter is only collateral when it "does not pertain to the substantive issues of the trial and that could not be shown in evidence for any purpose independent of the contradiction." United States v. Carter, 410 F.3d 1017, 1023 (8th Cir. 2005) (quotations omitted). Timing became an issue in this case. There was no error in admitting the Detective's testimony.

Even if we had reached the opposite conclusion, admitting Littleton's testimony would be harmless error. Even if the jury completely accepted Hall, Sr.'s, testimony, there remains the discrepancy between Hall, Sr.'s, statement that the gun was unloaded when he placed it in the car, and the bullets found in it during the arrest. From this fact, and the bullets in appellant's pocket, the credibility of Hall, Sr., and the question of timing could be irrelevant. We find, therefore, that "no substantial rights of the defendant were affected." United States v. Carter, 410 F.3d 1017, 1023 (8th Cir. 2005) (quoting United States v. McCrady, 774 F.2d 868, 874 (8th Cir. 1985)).

B. Sufficiency of the Evidence

Allen contends that, absent the challenged evidence, there would be insufficient evidence to sustain his conviction. We disagree. The district court's denial of a motion for a judgment of acquittal is reviewed de novo, and we affirm "if the evidence at trial is sufficient to sustain a conviction." United States v. Sturdivant, 513 F.3d 795, 800

(8th Cir. 2008). A jury verdict may be reversed for insufficient evidence "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Henderson-Durand, 985 F.2d 970, 975 (8th Cir. 1993) (citation omitted). "We view the evidence in the light most favorable to the jury's verdict, resolving any evidentiary conflicts in the government's favor." United States v. Jourdain, 433 F.3d 652, 656 (8th Cir. 2006).

We find the evidence was full sufficient to support the jury's verdict. We have already found the evidence which impeached the Halls was properly admitted. Even if that evidence were stricken, the record still supports conviction. The Officers observed a loaded handgun under the seat occupied by Allen. Allen directly admitted possessing the weapon when he told police that the gun was his wife's and he was taking it to have it oiled and cleaned. A jury could have convicted on that evidence alone. And it appears the jury rejected the claim that Allen was arrayed in a woman's coat, containing bullets for the gun, as well it could. In light of this evidence, we find the record fully supports the jury's verdict.

III. Conclusion

For the foregoing reasons, we affirm Allen's conviction.

_____