T.C. Memo. 2010-264

UNITED STATES TAX COURT

HARDY RAY MURPHY AND LAURA MURPHY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1393-09.                    Filed December 2, 2010.

    R disallowed Ps' claimed charitable contribution
deduction of $27,727 and determined a deficiency in income
tax and an accuracy-related penalty under sec. 6662(a),
I.R.C., for Ps' 2006 tax year.

    <u>Held</u>:  Ps are liable for the deficiency.

    <u>Held</u>, <u>further</u>, Ps are liable for the accuracy-related
penalty under sec. 6662(a), I.R.C.

Hardy Ray Murphy and Laura Murphy, pro sese.

<u>R. Malone Camp, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of respondent's determination in a notice of deficiency that petitioners owed an income tax deficiency for their 2006 tax year.  The issues for decision are:  (1) Whether petitioners are entitled to a deduction claimed on Schedule A, Itemized Deductions, for charitable contributions and (2) whether petitioners are liable for a section 6662(a) accuracy-related penalty.[1]

FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.  Petitioners, husband and wife, resided in California at the time they filed their petition with this Court.

During 2006, petitioner Mr. Murphy was employed as an attorney while petitioner Mrs. Murphy was a homemaker.  On their 2006 Form 1040, U.S. Individual Income Tax Return, petitioners claimed on Schedule A a deduction of $27,727 for gifts to charity.  This claimed deduction consisted of (1) a claimed contribution of $27,229 for gifts to charity by cash or check and (2) a claimed contribution of $498 for gifts to charity other

---

[1]All section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

than by cash or check.  At trial, Mr. Murphy asserted that the contributions included the following.

First, he donated three paintings, The Graduate, Sugar Shack, and the Ring Around the Roses, together with an unspecified amount of money, to the Los Angeles Urban League. The League planned to auction off the paintings, which Mr. Murphy remembered purchasing for $125, $250, and $125, respectively, and now claims were worth approximately $255.  He also claimed he made monetary contributions to the Catholic Big Brothers and Big Sisters.  Mr. Murphy stated the total amount of claimed cash contributions to both the Los Angeles Urban League and the Catholic Big Brothers and Big Sisters was about $1,500 for 2006.

Second, Mr. Murphy claimed he bought unspecified lunches and dinners for and gave cash to two homeless men, C.I. and Ken, the total cost of which, during 2006, was approximately $4,000.

Third, petitioners claimed they contributed about $750 worth of various appliances and clothes to the Salvation Army.  There is no record of these contributions or the specific items donated because even though the Salvation Army offered receipts, petitioners did not want to wait in line to get one.

Fourth, petitioners indicated they donated $250 to each of the five institutions of higher education they attended.  The five were Glendale Community College, the University of Southern California, the University of California Los Angeles Law School,

Pasadena Community College, and California State University Los Angeles.  These gifts were made with checks, but the checks were not available at trial.  Mr. Murphy indicated that the briefcase containing journal records concerning his deductions was stolen and that because of the financial failure of his bank, Indy Mac, he has been unable to get copies of his checks.

Fifth, Mr. Murphy claimed they made contributions to various churches, most of which consisted of tithing to Lake Avenue Church.  Petitioners attended church regularly during 2006 because they were discussing a possible divorce and relied on their church and other spiritual counseling to get through the difficult time.  Petitioners and their child/ren attended church as a family on Sundays, and Mr. Murphy would go to church by himself during the week.

Mr. Murphy claims he contributed between $100 and $200 each time he went to church for a total of $300 to $500 each week.  While Lake Avenue Church did provide envelopes for contributions, petitioners did not use them.  In addition to contributions to Lake Avenue Church, petitioners contend they made small contributions to San Gabriel Union Church and St. Mark's Episcopal School.  Both Mr. Murphy and his daughter attended St. Mark's Episcopal School.  Mr. Murphy asserted that the total amount of tithing to the two churches and the school was approximately $20,000.

Mr. Murphy claimed that throughout 2006 he maintained a journal in which he recorded his charitable contributions, listing the date, amount, and description of each. Mr. Murphy stated that this journal was among items stolen from his car in April 2007.

Petitioners timely filed their 2006 tax return. Respondent disallowed the charitable contribution deduction claimed on Schedule A and on October 20, 2008, issued a notice of deficiency showing a deficiency in income tax of $9,011 and an accuracy-related penalty under section 6662(a) of $1,802.20. The deficiency resulted solely from disallowance of the charitable contribution deduction. Petitioners timely petitioned this Court, and a trial was held on February 26, 2010, in Los Angeles, California.[2]

---

[2]Whereas respondent disallowed deductions for all of petitioners' claimed charitable contributions of $27,727, petitioners' Tax Court petition challenged respondent's determination only with regard to petitioners' claimed cash contributions of $27,229. Thus, we assume that petitioners have either conceded the disallowance of the claimed noncash contribution of $498 or inadvertently contested only the cash donation amount. Because of Mr. Murphy's testimony at trial regarding donated paintings, appliances, and clothes, we assume the latter. Even reading the petition as challenging the disallowance of all claimed contributions, including the noncash contribution, we would still deny all of petitioners' claims for the reasons set forth herein.

OPINION

I.    Whether Petitioners Are Entitled to a Deduction for
      Charitable Contributions

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Taxpayers are required to keep books or records to substantiate all claimed deductions.[3]  Sec. 6001; Roberts v. Commissioner, 62 T.C. 834, 836 (1974).

Section 170(a)(1) allows a deduction for a charitable contribution as defined in section 170(c) if verified under applicable regulations.  Generally a cash contribution can be substantiated by (1) a canceled check, (2) a receipt from the donee organization, or (3) other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution.[4]  Sec. 1.170A-13(a)(1), Income Tax Regs.  A gift of property, other than cash, of less than $5,000 may be substantiated by a receipt from the donee showing the

---

[3]Petitioners have not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations.  We conclude that sec. 7491(a) does not apply here because petitioners have not produced credible evidence, nor have they satisfied the other conditions for the application of sec. 7491(a).  See sec. 7491(a)(2).

[4]The taxpayer bears the burden of proving that the written records are reliable.  The determination of reliability is made on the basis of all the facts and circumstances of a particular case.  Sec. 1.170A-13(a)(2)(i), Income Tax Regs.

donee's name, the date and location of the contribution, and a description of the property contributed.  Sec. 1.170A-13(b)(1), Income Tax Regs.

For a contribution of $250 or more, a taxpayer must substantiate the contribution by a contemporaneous written acknowledgment by the donee organization.[5]  Sec. 170(f)(8)(A). The written acknowledgment must include:

> (i) The amount of cash and a description (but not value) of any property other than cash contributed.

> (ii) Whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).

> (iii) A description and good faith estimate of the value of any goods or services referred to in clause (ii) or, if such goods or services consist solely of intangible religious benefits, a statement to that effect.

Sec. 170(f)(8)(B).  To be considered contemporaneous, the written acknowledgment must be obtained by the taxpayer before the earlier of the due date of the return, including extensions, or the filing of the return.  Sec. 170(f)(8)(C).

Petitioners have not met the requirements of section 170. First, although churches, universities or colleges, and the Salvation Army obviously are section 170(c) organizations, petitioners failed to prove that all of their charitable

---

[5]Separate contributions of less than $250 are not subject to the requirements of sec. 170(f)(8), regardless of whether the sum of the contributions made by a taxpayer to a donee organization during a taxable year equals $250 or more.  See sec. 1.170A-13(f)(1), Income Tax Regs.

contributions were made to organizations specified in section 170(c).  They failed to adequately substantiate their claimed charitable contributions.  The record relating to the claimed charitable contributions is limited to Mr. Murphy's trial testimony and is unsupported by any written substantiation in the form of canceled checks, bank records, or receipts from the donee organizations.

Mr. Murphy asserts that he kept a journal of his charitable contributions and that the journal was stolen.  When a taxpayer's records are lost or destroyed through circumstances beyond his control, the taxpayer is entitled to substantiate deductions by reconstructing expenditures through credible evidence. Villarreal v. Commissioner, T.C. Memo. 1998-420 (citing Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979)).  However, this Court is not bound to accept unverified, undocumented testimony of a taxpayer.  Id. (citing Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.3d 821 (5th Cir. 1976)).  Petitioners did not introduce evidence to substantiate their claimed charitable contributions other than Mr. Murphy's self-serving and unsupported testimony at trial.  Petitioners apparently made no attempt to contact any of the recipient charities to obtain records of their contributions.  Moreover, neither a representative of any of the donee organizations nor Mrs. Murphy testified to corroborate the claimed charitable

contributions or even the fact that petitioners attended church regularly.  For the reasons set forth above, we sustain respondent's determination and disallow all of the charitable contribution deductions.[6]

II.  <u>Whether Petitioners are Liable for the Section 6662 Accuracy-Related Penalty</u>

Under section 7491(c), respondent bears the burden of production with respect to petitioners' liability for the section 6662(a) penalty.  This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty" but "need not introduce evidence regarding reasonable cause, substantial authority, or similar provisions * * * it is the taxpayer's responsibility to raise those issues."  <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  Once the Commissioner has met this "burden of production, the taxpayer must come forward with evidence sufficient to persuade a

---

[6]Petitioners urge application of the doctrine of <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930).  Under the <u>Cohan</u> doctrine, if a taxpayer claims a deductible expense and cannot fully substantiate it, the court may approximate the allowable amount.  However, the taxpayer must provide reasonable evidence from which to estimate the deductible amount, and even then the court will bear heavily against the taxpayer.  <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).  The complete lack of evidence with respect to the claimed charitable contributions in this case precludes us from even attempting to approximate the allowable amounts of deductions.  We further recognize that this Court has never "squarely [addressed] the potential conflict between section 170(a)(1) and our application of <u>Cohan</u> to unverified or inadequately substantiated charitable contributions."  <u>Kendrix v. Commissioner</u>, T.C. Memo. 2006-9.

court that the Commissioner's determination is incorrect." Id.
at 447.

Section 6662(a) imposes an accuracy-related penalty of 20
percent on any underpayment that is attributable to causes
specified in subsection (b).  Respondent asserts petitioners are
liable as a result of "Negligence or disregard of rules or
regulations" under section 6662(b)(1).

"'[N]egligence' includes any failure to make a reasonable
attempt to comply with the provisions of * * * [the Internal
Revenue Code]".  Sec. 6662(c).  Under caselaw, "'Negligence is a
lack of due care or failure to do what a reasonable and
ordinarily prudent person would do under the circumstances.'"
Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting
Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967),
affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299),
affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).
Negligence can also include any failure by the taxpayer to keep
adequate records and to substantiate items properly.  Sec.
1.6662-3(b)(1), Income Tax Regs.  In the light of petitioners'
failure to substantiate their claimed deductions, respondent has
carried his burden of production.

There is an exception to the section 6662(a) penalty when a
taxpayer can demonstrate:  (1) Reasonable cause for the
underpayment and (2) that the taxpayer acted in good faith with

respect to the underpayment. Sec. 6664(c)(1). Regulations promulgated under section 6664(c) further provide that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs. We therefore consider, among other factors, the experience, education, and sophistication of the taxpayer.

Petitioners did not have any records substantiating their claimed charitable contribution deductions. Presumably, Mr. Murphy believed, and would like us to hold, that his testimony regarding his maintaining the journal and the theft of the journal is sufficient to meet the requisite reasonable cause and good faith showing. Mr. Murphy is mistaken. Even if Mr. Murphy's journal was in fact stolen, there is no evidence that he made a reasonable attempt to reconstruct his contributions. We therefore hold that petitioners failed to meet their burden of showing that the reasonable cause and good faith exception applies. Accordingly, the Court concludes that petitioners are liable for the section 6662 accuracy-related penalty for their 2006 tax year.

The Court has considered all of petitioners' contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.