# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3737

_____

United States of America

*Plaintiff - Appellee*

v.

Donald Wayne Lamoureaux

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: September 19, 2016
Filed: October 18, 2016
[Unpublished]

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Donald W. Lamoureaux was charged with a single count of attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). He entered a conditional plea of guilty, preserving his right

to appeal the district court's[1] denial of his motion to dismiss the superseding indictment.

The agreed facts relevant to this opinion as set forth in the plea agreement are as follows. While in an internet chat room called "OlderForYounger," Lamoureaux was contacted by a woman who called herself "Joann" and claimed to have a four-year-old daughter. Joann was, in fact, an undercover officer. After Joann and Lamoureaux exchanged messages online and via telephone for about a month, Lamoureaux agreed to drive from his home in Arkansas to West Plains, Missouri to have sexual contact with Joann and her purported child at a hotel. Lamoureaux was arrested when he arrived.

In his motion to dismiss and on appeal, Lamoureaux argues that communications with an adult intermediary cannot form the basis for an attempt under § 2422(b) because the statute does not criminalize conversing with an adult for the purpose of causing a minor to engage in prohibited sexual activity. After conducting a de novo review of the record, see United States v. Williams, 720 F.3d 674, 700 (8th Cir. 2013), we affirm.

We previously addressed the question here presented in United States v. Spurlock, 495 F.3d 1011 (8th Cir. 2007). There, Spurlock "argue[d] that contact with an adult can never, by itself, be an attempt to entice a minor." Id. at 1013-14. We held "that Spurlock intended to entice minor girls to have sex with him, and that his conversations with their purported mother were a substantial step toward that end." Id. at 1014. We further "not[ed] that 'the efficacy of § 2422(b) would be eviscerated if a defendant could circumvent the statute simply by employing an intermediary to

---

[1]The Honorable P.K. Holmes, Chief Judge, United States District Court for the Western District of Arkansas.

carry out his intended objective.'" Id. (quoting United States v. Murrell, 368 F.3d 1283, 1287 (11th Cir. 2004)).

Given the similarities between the facts of this case and those we confronted in Spurlock, the above reasoning also applies here. The facts alleged in the superseding indictment were sufficient to charge Lamoureaux with attempt to violate § 2422(b) because enticement of a minor can be attempted through an intermediary adult. Lamoureaux exchanged numerous messages with Joann about his desire to have sexual contact with Joann's purported child, and he drove to Missouri in an attempt to carry out that objective. Therefore, he clearly demonstrated an intent to entice the apparent minor, and "his conversations with [her] purported mother were a substantial step toward that end." Id.

Accordingly, we affirm.

_____