# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-1469
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Willins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 14, 2021
Filed: March 31, 2021
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

Michael Willins was convicted for attempted enticement of a minor and travel with intent to engage in illicit sexual conduct, in violation 18 U.S.C. § 2422(b) and § 2423(b). He appeals, arguing that the district court[1] should have admitted expert

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

testimony. He also challenges the sufficiency of the evidence for the conviction under § 2422(b). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Willins posted a Craigslist advertisement "Looking for really taboo female." A law enforcement officer, posing as "Sammi," responded. Willins and Sammi discussed involving her "daughter" in sexual activity. He traveled to Arkansas, believing Sammi and her daughter lived there. Police arrested him.

At trial, Willins offered evidence by licensed social worker Art Chupik. He planned to testify that Willins is not attracted to minors and to discuss generally the role of fantasy in chat rooms.

The district court excluded the testimony for three reasons. First, Chupik's testimony about Willins's lack of attraction to minors addressed the mental state for a § 2423(b) conviction, violating Federal Rule of Evidence 704(b). Second, although the testimony may not violate Rule 704(b) for the § 2422(b) charge, it risked confusing the jury. Third, the testimony about chat rooms and fantasy role playing was inadmissible because it was irrelevant and confusing.

## II.

### A.

Willins argues that the district court abused its discretion in excluding Chupik's testimony, as to the § 2423(b) charge. This court "review[s] de novo the district court's interpretation and application of the rules of evidence, and review[s] for an abuse of discretion the factual findings supporting its evidentiary ruling." *United States v. Allen*, 540 F.3d 821, 824 (8th Cir. 2008).

An expert witness may not testify "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged." **Fed. R. Evid. 704(b)**. To convict under 18 U.S.C. § 2423(b), the government must prove that the defendant traveled in interstate commerce with the intent to engage in illicit sexual conduct. ***United States v. Hicks***, 457 F.3d 838, 841 (8th Cir. 2006).

Whether Chupik's testimony violates Rule 704(b) is a close question. An expert may testify whether a defendant was suffering from a disease or defect at the time of the crime, but not whether the defendant had specific intent. ***United States Gipson***, 862 F.2d 714, 716-17 (8th Cir. 1988). *See **United States v. Kristiansen***, 901 F.2d 1463, 1466 (8th Cir. 1990) ("Rule 704(b) was not meant to prohibit testimony that describes the qualities of a mental disease.").

According to the summary by Willins's attorney, Chupik planned to testify that Willins "is not sexually attracted to 12 year old females" and "would have no interest in a 12 year old girl." In his proffer, Chupik testified that Willins's primary sexual interest is in adult females. He also testified that the purpose of his evaluation was not to determine Willins's guilt or innocence.

Some courts exclude this type of testimony under Rule 704(b). *See **United States v. Gillis***, 938 F.3d 1181, 1195 (11th Cir. 2019) (per curiam) (testimony that the defendant "was not sexually attracted to prepubescent girls was simply a thinly veiled attempt by the defense to offer an expert opinion that [the defendant] lacked the requisite intent for the enticement offense"). *Cf.* ***United States v. Stahlman***, 934 F.3d 1199, 1220-21 (11th Cir. 2019) (excluding expert testimony explicitly stating defendant "intended" to act out a fantasy); ***United States v. Hofus***, 598 F.3d 1171, 1179-80 (9th Cir. 2010) (excluding expert testimony that defendant valued sexual text messages with minors as fantasy alone).

Other courts admit this type of testimony under Rule 704(b). *See **United States v. Hite***, 769 F.3d 1154, 1169-70 (D.C. Cir. 2014) (admitting expert testimony

that defendant had not been diagnosed with a condition making him attracted to minors); *Hofus*, 598 F.3d at 1177 (same); *United States v. Gladish*, 536 F.3d 646, 650-51 (7th Cir. 2008) (admitting expert report and testimony that defendant was unlikely to have sex with a minor for attempted enticement charge).

Like the testimony in *Gladish*, Chupik's testimony might be admissible as a comment on Willins's "psychology"—as sexually attracted to adult females, not 12-year-old females. *See Gladish*, 536 F.3d at 650; *Hite*, 769 F.3d at 1169. *See also Hofus*, 598 F.3d at 1177-80 (admitting evidence defendant was not a hebophile but questioning the reasoning in *Gladish*). But Chupik's testimony might be excluded as a "thinly veiled attempt" to say that because Willins is not attracted to minors, he did not intend to have sex with the daughter. *See Gillis*, 938 F.3d at 1195. Willins even argues on appeal: "The testimony of Chupik is crucial to Willins defense that he did not knowingly commit the crimes that he now stands convicted of."

This court need not decide whether Chupik's testimony violates Rule 704(b). The evidence supporting Willins's convictions is overwhelming. After speaking with Sammi multiple times about having sex with her daughter (and trying to call her), he drove to Arkansas bringing along condoms, lubricant, an empty Cialis bottle, and a sex toy.

Chupik's proffered testimony was weak. Although he performed testing on Willins to determine whether he was attracted to children, Chupik could not explain how some of the testing worked. He conceded that a defendant could manipulate the testing. He appeared unaware that Willins lied to him about contacting the daughter.

Even if the district court erred by excluding Chupik's testimony, any error was harmless. *See United States v. Yarrington*, 634 F.3d 440, 447 (8th Cir. 2011).

-4-

As for the § 2422(b) charge, the district court excluded Chupik's testimony under Federal Rule of Evidence 403. A "court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." **Fed. R. Evid. 403**. Because of the two charges' similarity, the district court was concerned the jury would be confused if asked to consider Willins's alleged lack of attraction to minors for this charge (attempting to entice a minor) but not the other (traveling with intent to engage in illicit sexual conduct, in violation of § 2423(b)).

As discussed in regard to the § 2423(b) charge, the district court may have erred by excluding Chupik's testimony. Jury confusion thus is not an issue because admitting the testimony on both charges would not require the jury to use it for one charge but not the other. Again, any error in excluding Chupik's testimony was harmless. *See **Yarrington***, 634 F.3d at 447. As discussed, the evidence supporting Willins's convictions is overwhelming, and Chupik's proffered testimony was weak.

The district court also excluded as irrelevant Chupik's testimony about fantasy in chat rooms because Willins never used a chat room—he posted an ad on Craigslist, and then used emails and texts. **Fed. R. Evid. 401, 402**. The district court did not abuse its discretion by excluding the fantasy chat room testimony on this ground.[2]

---

[2]Willins's proposed expert testimony may even be irrelevant to both charges because his discussion with Sammi centered on three-way sexual conduct involving the daughter. So even if Willins's motivating purpose were to have sex with Sammi, his willingness to include the daughter might qualify as attempted enticement of a minor and intent to engage in illicit sexual conduct. *See **United States v. Strubberg***, 929 F.3d 969, 975 (8th Cir. 2019) (defendant claimed his intent was to have sex with the mother, but court affirmed attempted enticement conviction because he spoke

## III.

Willins argues that there was insufficient evidence to convict him under 18 U.S.C. § 2422(b). This court reviews "*de novo* challenges to the sufficiency of the evidence." **United States v. Wells**, 706 F.3d 908, 914 (8th Cir. 2013). This court considers "the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence." **Id.** This court reverses "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." **Id.**

Willins claims that his § 2422(b) conviction is improper because there was insufficient evidence to show that he attempted to entice a minor through Sammi. *See* **18 U.S.C. § 2422(b)**. To convict under § 2422(b), the government must prove Willins intended to persuade, induce, entice, or coerce a minor to engage in sexual conduct. He says that he did not seek out sex with a minor.

Using an adult intermediary to pursue sex with a minor violates § 2422(b) when the charge is attempted enticement. **United States v. Spurlock**, 495 F.3d 1011, 1014 (8th Cir. 2007). *See also* **United States v. Lamoureaux**, 669 Fed. Appx. 810, 810-11 (8th Cir. 2016) (per curiam) (applying *Spurlock*). Like *Spurlock*, Willins spoke multiple times with Sammi about engaging in sex with her minor daughter. *See Spurlock*, 495 F.3d at 1012. He tried to call the daughter. He brought condoms, lubricant, an empty Cialis bottle, and a sex toy with him to Arkansas. Willins "intended to entice [a] minor girl[] to have sex with him" and "his conversations with [her] purported mother were a substantial step toward that end." *See Spurlock*, 495 F.3d at 1014.

The district court properly denied Willins's motion for judgment of acquittal.

---

numerous times about having sex with daughter). But because this decision rests on other grounds, this court need not resolve this issue.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____