# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3547
_____

United States of America,

*Plaintiff - Appellee*,

v.

Japher Yosuf Rajab,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: October 18, 2021
Filed: January 14, 2022

_____

Before COLLOTON, ERICKSON, and STRAS, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Japher Rajab was convicted of attempting to entice a minor using the internet. *See* 18 U.S.C. § 2242(b). On appeal, Rajab argues that there was insufficient evidence to support his conviction, in part because the object of his enticement was an adult undercover officer rather than an actual minor. He also contends that the

indictment failed to state an offense, and that the district court[1] should have instructed the jury that proof of an actual minor was required. We reject these arguments and affirm the judgment.

I.

Evidence at trial showed that Rajab used a messaging software application called MeetMe to communicate with a purported minor named "Lucy." Lucy's profile on the MeetMe application, however, was operated by a special agent of the Department of Homeland Security who played the role of Lucy. Lucy's profile said that she was nineteen years old, but in messages to Rajab, she informed Rajab that she was actually fifteen years old. Rajab responded, "Your age isn't a problem." In later messages, Rajab expressed doubt that Lucy was actually fifteen years old, but Lucy reiterated that she was indeed fifteen years old.

During his conversation with Lucy, Rajab sent explicit messages detailing sexual acts in which he sought to engage with Lucy. The conversation transitioned from MeetMe to text messages, and Rajab began using the Talkatone software application to send messages. Rajab eventually arranged to meet Lucy at a local little league park, and he promised to bring condoms.

At the designated meeting place, surveillance officers observed the vehicle that Rajab had described to Lucy. Officers arrested Rajab, seized his cellular phone, and searched his vehicle. Inside the console of the vehicle, they found two condoms. On Rajab's phone, they located the messages that Rajab had exchanged with Lucy in the MeetMe and Talkatone applications. In the internet search history on Rajab's phone, they found queries asking, "Do police set up stings on Meet?" and "Can police post

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

an ad online for prostitution and then arrest?" During an interview with investigators, Rajab confirmed that he had sent the messages to Lucy, but claimed that he did not believe that she was actually fifteen years old.

A grand jury charged Rajab with attempting to entice a minor using the internet, in violation of 18 U.S.C. § 2422(b). A jury found Rajab guilty, and the district court sentenced him to 120 months' imprisonment and five years of supervised release.

II.

Rajab argues on appeal that the indictment failed to state an offense because it did not allege that the person with whom he was communicating about sexual acts was under the age of eighteen or that he engaged in sexual activity with a minor. He did not raise this challenge before trial, and "[w]hen an indictment is challenged after jeopardy attaches, it is upheld unless it is so defective that by no reasonable construction can it be said to charge the offense." *United States v. White*, 241 F.3d 1015, 1021 (8th Cir. 2001) (internal quotations omitted).

Rajab's argument fails because the charged offense does not require the involvement of an actual minor. The statute forbids enticing, or *attempting to entice*, any individual under the age of eighteen to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense. 18 U.S.C. § 2422(b). An attempt is accomplished when the offender intends to commit the substantive offense and takes a substantial step toward its commission. *United States v. Young*, 613 F.3d 735, 742 (8th Cir. 2010). Even where an undercover officer is playing the role of a minor, an offender commits the crime of attempted enticement under § 2422(b) where he intends to entice a minor and engages in substantial conduct toward that end. *United States v. Helder*, 452 F.3d 751, 756 (8th Cir. 2006). The statute does not require proof that an offender succeeded in enticing anyone to

engage in sexual activity. Evidence that a defendant arranged to meet a minor at a certain time or place and traveled to the designated meeting location is sufficient to support a conviction. *Young*, 613 F.3d at 743. We therefore conclude that the indictment adequately stated an offense.

For similar reasons, there was no error in the district court's instructions to the jury. For the first time on appeal, Rajab challenges the court's instructions that "[d]irect communication with a child is unnecessary," and that "[t]he government must only prove Mr. Rajab believed that he was communicating with someone who could arrange for the child to engage in unlawful sexual activity." R. Doc. 67, at 8. The instructions accurately state the law, and there is no plain error, because the statute does not require direct communication with a minor. Evidence of attempting to entice a minor through an intermediary may be sufficient to establish a violation. *United States v. Willins*, 992 F.3d 723, 728 (8th Cir. 2021); *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir. 2007).

Rajab also challenges the sufficiency of the evidence supporting his conviction. The elements of § 2422(b), as charged in this case, require proof that the defendant (1) knowingly used a facility of interstate commerce, such as the internet or the telephone system, (2) with the intent to entice a person to engage in illegal sexual activity, and (3) believed that the person he sought to entice was under the age of eighteen. *United States v. Hensley*, 982 F.3d 1147, 1154 (8th Cir. 2020). The attempt charge required proof that the defendant intended to commit the offense of enticing a minor and took a substantial step in furtherance of that offense. *Id.*

Rajab maintains that the government failed to prove the use of a facility of interstate commerce to commit attempted enticement. Officers testified, however, that Rajab communicated with Lucy through the MeetMe software application, and that they found messages between Rajab and Lucy in the Talkatone software application on Rajab's cellular phone. Another officer testified that the MeetMe and

Talkatone applications send all communications through the internet, which is a facility of interstate commerce. A reasonable jury thus could find that Rajab used a facility of interstate commerce to communicate with Lucy.

The record also shows sufficient evidence that Rajab intended to entice Lucy to engage in sexual activity while believing that she was a minor. The undercover agent playing the role of Lucy testified that Rajab sent explicit messages to Lucy and described sexual acts in which he wanted to engage with her. When arranging to meet Lucy in person, Rajab promised to bring condoms with him, and officers found two condoms in the console of Rajab's vehicle when they arrested him. The agent also testified that when Lucy told Rajab that she was fifteen years old, Rajab responded that her "age isn't a problem." Rajab later questioned Lucy's age, but she reiterated several times that she was fifteen years old, and Rajab continued with his attempted enticement. A reasonable jury could infer that Rajab believed that Lucy was fifteen years old and that he intended to entice her to engage in sexual activity.

A reasonable jury also could conclude that the sexual activity in which Rajab sought to engage with Lucy is illegal under state law. South Dakota criminalizes sexually penetrating an individual who is at least three years younger than the perpetrator and who is between the ages of thirteen and sixteen years old. S.D. Codified Laws §§ 22-22-1(5), 22-22-2. South Dakota also proscribes engaging in sexual contact with an individual under the age of 16 when the contact is made by a perpetrator aged sixteen years or older. S.D. Codified Laws §§ 22-22-7, 22-22-7.1. Rajab was forty-one years old, and he sent messages to Lucy expressing a desire to engage in both sexual penetration and sexual contact with her. This evidence supports a finding that Rajab intended to entice Lucy to engage in "illegal sexual activity."

Finally, there was ample evidence that Rajab took a substantial step in furtherance of enticing Lucy. He arranged to meet Lucy at a local park, and traveled to the park while equipped with condoms suitable for use in sexual activity. Those actions are sufficient to establish a substantial step and a completed attempt. *Young*, 613 F.3d at 743. The record thus supports a reasonable finding that Rajab attempted to entice a minor in violation of § 2242(b).

*    *    *

The judgment of the district court is affirmed.

_____