# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3491

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Robert Kelly Mounts, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 4, 2005
Filed: December 5, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Robert Mounts (Mounts) appeals the sentence imposed by the district court after he pled guilty to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1); and to interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312. The district court sentenced Mounts to 100 months' imprisonment, the bottom of the Guidelines range, and 3 years' supervised release. Mounts seeks review of his sentence based on Blakely v. Washington, 124 S. Ct. 2531 (2004), maintaining the facts supporting certain sentencing enhancements were not charged in the indictment, and were neither proven to a jury beyond a reasonable doubt nor admitted by Mounts during his plea colloquy. Mounts also argues that aside from the Blakely issue, the court erred by applying a 4-level enhancement for

possessing a firearm in connection with another felony offense, under U.S.S.G. § 2K2.1(b)(5), because there was no evidence to indicate he directly possessed the firearm; and further, the court wrongly applied the lower standard of proof used in drug cases.

This court reviews the district court's application of the Sentencing Guidelines de novo and the court's factual findings for clear error. See United States v. Mack, 343 F.3d 929, 935 (8th Cir. 2003), cert. denied, 540 U.S. 1226 (2004). It is undisputed Mounts drove a stolen truck while aware of a loaded RG Model 66 .22 caliber pistol in the glove box of the truck. The district court did not err by inferring the pistol in the glove box emboldened Mounts to continue possessing the stolen truck. Thus, the court properly enhanced Mounts's base offense level under section 2K2.1(b)(5). See id. at 936 (for section 2K2.1(b)(5) purposes, "a defendant's maintenance of a firearm at an easily accessible location while in a stolen car permits the inference that the firearm emboldened the defendant to continue his illegal conduct" of tampering with same vehicle). Additionally, the court's reasoning in its entirety reveals that although the court drew an analogy to drug cases, it did not actually apply the "not clearly improbable standard" used to determine the possession of firearms in drug cases, see U.S.S.G. § 2D1.1 (comment. n.3), and instead determined Mounts possessed the firearm in connection with the offense of interstate transportation of a stolen vehicle.

Mounts's Blakely challenge to his sentence, however is valid, because the district court erred in sentencing Mounts under a mandatory Guidelines regime, see United States v. Booker, 125 S. Ct. 738, 756-57 (2005) (holding Guidelines to be only advisory), and Mounts preserved this issue at sentencing. We thus review for harmless error. See id. at 769. The government did not meet its burden of proving harmless error. Mounts was sentenced at the bottom of the applicable Guidelines range, and there is nothing in the record to suggest the district court would have given

the same sentence under an advisory system.  See <u>United States v. Haidley</u>, 400 F.3d 642, 644-45 (8th Cir. 2005).

Accordingly, we remand for resentencing.

_____