**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4403**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS SINTELL MCCREA,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-03-472)

———————

Submitted:  January 4, 2006          Decided:  February 6, 2006

———————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Travis Sintell McCrea pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of 120 months imprisonment. McCrea appeals his sentence, arguing that the district court engaged in impermissible double counting by applying both U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2002), and USSG § 3C1.2. He also claims that his sentence was increased based on judge-found facts in violation of the Sixth Amendment. We affirm.

When a police officer in Florence, South Carolina, attempted to stop McCrea for speeding on a city street, McCrea ignored the officer's blue light and siren and continued to drive at a high speed. He ran a stop sign, turned into an apartment complex, and hit a parked truck. McCrea and his passenger abandoned their vehicle and ran through the apartment complex. McCrea was arrested shortly afterward at his residence. A loaded 9 mm pistol in working order was found under the driver's seat of his vehicle; a small amount of marijuana was also found in the vehicle.

In sentencing McCrea, the district court applied both a four-level enhancement under § 2K2.1(b)(5) for possession of the firearm in connection with another felony offense (failure to stop for a blue light), and a two-level adjustment for reckless endangerment during flight under § 3C1.2. The district court made

the latter increase because McCrea increased his speed on a city street to avoid apprehension and collided with a parked vehicle while fleeing the police officer.

Because McCrea did not contest the facts which the district court considered, the court's determination was a legal one involving an interpretation of the guidelines and is thus reviewed de novo. United States v. Schaal, 340 F.3d 196, 198 (4th Cir. 2003). The guidelines permit double counting except where it is expressly prohibited. Id. Application Note 1 to § 3C1.2 prohibits application of the adjustment for reckless endangerment during flight when another enhancement or adjustment results in an equal or greater increase based solely on the same conduct. Although both the enhancement for use of a firearm in connection with another offense and the adjustment for reckless endangerment were based on McCrea's flight from the police officer who attempted to stop him for speeding, we conclude that the district court correctly determined that the two enhancements addressed different conduct. A driver may fail to stop for a blue light without leading the police officer on a high-speed chase that endangers the public, as McCrea chose to do. Therefore, both enhancements were properly applied

The government argues that McCrea waived the Sixth Amendment claim he seeks to raise under Blakely v. Washington, 542 U.S. 296 (2004), by entering into a plea agreement in which he

stated his "understand[ing]" that his sentence would be imposed "in conformity with" the federal sentencing guidelines. Although a defendant's explicit waiver of the right to appeal a sentence within the statutory maximim constitutes a waiver of his Sixth Amendment sentencing claims, see United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005), we have not held that an "understanding" that a sentence would be imposed in a particular manner constitutes a waiver of appeal rights. The Second Circuit has rejected a similar contention. See United States v. Hamdi, ___ F.3d ___, 2005 WL 3366948, at *5-7 (2d Cir. Dec. 12, 2005) (concluding that defendant's "agree[ment]" to be sentenced under the Guidelines did not waive right to appeal sentence). In any event, McCrea's claim fails on the merits, because the district court did not make fact findings that increased the sentence and, therefore, no Sixth Amendment error occurred.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -