# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1652

_____

United States of America,

        Appellee,

    v.

Michael B. Guiheen,

        Appellant.

Appeal from the United States
District Court for the
Western District of Missouri

_____

Submitted: November 18, 2009
Filed: February 5, 2010

_____

Before MELLOY, BEAM and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Michael Guiheen pled guilty to being a felon and an unlawful user of a controlled substance in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(a)(2). Before sentencing, Guiheen objected to a proposed four-level increase in his base offense level for possession of a firearm in connection with another felony offense under United States Sentencing Guidelines

§ 2K2.1(b)(6). Over Guiheen's objection, the district court[1] applied the four-level enhancement. Guiheen appeals. For the following reasons, we affirm.

## I.    BACKGROUND

On the night of January 14, 2008, Corporal Daryl Adkins and Sergeant David Johnson of the Greene County, Missouri Sheriff's Department went to Guiheen's house to serve an order of protection on him. As they approached the house, Sergeant Johnson heard the chain link fence in the back of the house rattle. The lights were on inside the house and a security light was shining on the back of the residence. Sergeant Johnson knocked on the front door, but no one answered. The officers went to the back of the house. The top of the chain link fence was bent down, and it looked as though someone had crossed over it into the large open field behind the residence. Sergeant Johnson walked into the field and found Guiheen lying down in a row of trees and overgrown brush.

Sergeant Johnson ordered Guiheen to put his hands up, but he did not comply. Instead, Guiheen got into a kneeling position and drew a billy club from his waistband. The billy club was fourteen to sixteen inches long and made of heavy material with a rubber grip. Guiheen raised the billy club in a threatening manner. Sergeant Johnson ordered Guiheen to drop the weapon, and Guiheen threw the billy club behind him.

After Sergeant Johnson placed Guiheen in custody, he noticed a black coat on the ground where Guiheen had been lying. The coat contained an envelope addressed to Guiheen. Under the coat Corporal Adkins found a .22 caliber rifle. The rifle was loaded with a round in the chamber, and the safety was off. Upon searching Guiheen,

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

the officers found .22 caliber ammunition in the pocket of his pants that was identical to the ammunition in the rifle. The officers also found two marijuana pipes in Guiheen's pocket.

Guiheen admitted that he fled to the field after he saw the officers walking toward his house. When asked what his intentions were with the rifle and billy club, Guiheen claimed that the rifle belonged to someone else and that it was lying in the brush when he got there. However, the rifle did not have any rust or moisture on it. When asked if he was going to shoot the officers, Guiheen responded, "[i]f I wanted to shoot you I would have."

A federal grand jury subsequently charged Guiheen with being a felon and an unlawful user of a controlled substance in possession of a weapon and ammunition. Guiheen pled guilty to being a felon and an unlawful user of a controlled substance in possession of ammunition.

At sentencing, Guiheen objected to a proposed four-level increase in his base offense level under U.S.S.G. § 2K2.1(b)(6), which provides for a four-level increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." Guiheen argued that he did not possess the rifle in connection with another felony offense. While just one other offense was required, the district court relied on four separate possible felony offenses to support the enhancement: two acts of unlawful use of a weapon, for Guiheen's use of the rifle and the billy club, Mo. Rev. Stat. § 571.030; armed criminal action, Mo. Rev. Stat. § 571.015; and resisting arrest, Mo. Rev. Stat. § 575.150. The district court overruled Guiheen's objection and sentenced him to 70 months' imprisonment, the low end of his advisory sentencing guidelines range.

## II.    DISCUSSION

"We review de novo the district court's application of the [Sentencing] Guidelines, and we review for clear error the district court's factual findings." *United States v. Betts*, 509 F.3d 441, 445 (8th Cir. 2007). "The district court's determination that the defendant possessed the firearm[] in connection with another felony is a factual finding that we review for clear error." *United States v. Bates*, 561 F.3d 754, 758 (8th Cir. 2009) (alteration in original) (quoting *United States v. Smith*, 535 F.3d 883, 885 (8th Cir. 2008)).  A finding is clearly erroneous "only if we have a definite and firm conviction that a mistake has been made." *United States v. Byas*, 581 F.3d 723, 725 (8th Cir. 2009) (citing *United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2008)).

Section 2K2.1(b)(6) requires a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." Application note fourteen of U.S.S.G. § 2K2.1(b)(6) provides that "another felony offense" means "any Federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1(b)(6) cmt. n.14(C). "'In connection with' means that, at a minimum, the firearm had a 'purpose or effect with respect to' the other felony offense because its presence facilitated or had the potential to facilitate the offense, as opposed to being the result of mere accident or coincidence." *United States v. Harper*, 466 F.3d 634, 650 (8th Cir. 2006) (quoting *United States v. Regans*, 125 F.3d 685, 686 (8th Cir. 1997)).  Keeping a firearm "at an easily accessible location" while committing another felony "permits the inference that the firearm emboldened the defendant" to engage in the illegal act.  *United States v. Mack*, 343 F.3d 929, 936 (8th Cir. 2003); *see also United States v. Kanatzar*, 370 F.3d 810, 816

(8th Cir. 2004), *vacated on other grounds*, 543 U.S. 1107 (2005). "This connection is sufficient to satisfy U.S.S.G. § 2K2.1(b)[6]."[2] *Mack*, 343 F.3d at 936.

A person commits the Missouri offense of felony unlawful use of a weapon if he "[e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." Mo. Rev. Stat. § 571.030.1(4). Guiheen makes no argument that § 571.030.1(4) does not apply to his display of the billy club to threaten Sergeant Johnson. Rather, Guiheen argues that possessing a rifle could not possibly facilitate his unlawful use of the billy club. We disagree.

Relying on *Mack*, the district court found that Guiheen's access to the rifle emboldened him to raise the billy club in a threatening manner and thus satisfied U.S.S.G. § 2K2.1(b)(6). This finding was not clearly erroneous. It is undisputed that Guiheen ran away from his house when he saw the officers approaching and hid in a row of trees and brush. A loaded .22 caliber rifle with a round chambered and the safety off was hidden under a coat where Guiheen was lying. Guiheen claimed that the rifle was not his and that he did not bring it with him when he hid. However, the rifle did not have any rust or moisture on it and Guiheen had the same type of ammunition in his pocket as was found inside the rifle. It was quite reasonable for the district court to conclude that the presence of the rifle was no accident and that Guiheen brought it with him as he fled the officers. Guiheen kept the rifle in "an easily accessible location" underneath the coat where he was lying as he brandished the billy club in a threatening manner. *See Mack*, 343 F.3d at 936. Under these circumstances, it is certainly reasonable to conclude that Guiheen's "maintenance of a firearm at an easily accessible location . . . emboldened" him to raise the billy club in a manner threatening to Sergeant Johnson. *See id.* Accordingly, the district court

---

[2]When *Mack* was decided, the "in connection with another felony offense" enhancement was found at U.S.S.G. § 2K2.1(b)(5). The enhancement has since been moved from § 2K2.1(b)(5) to § 2K2.1(b)(6) without substantive changes. *United States v. Littrell*, 557 F.3d 616, 617 n.2 (8th Cir. 2009).

did not clearly err in finding that Guiheen possessed the rifle in connection with another felony offense, unlawful use of a weapon, and that the enhancement under U.S.S.G. § 2K2.1(b)(6) was appropriate.[3]

## III.   CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____

---

[3]Because we conclude that the enhancement is warranted based on the unlawful use of the billy club, we need not determine whether the possession of the rifle also facilitated any of the other possible felony offenses identified by the district court. *See Harper*, 466 F.3d at 651.