# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-3654

_____

United States of America,                  *
                                           *
            Appellee,                      *
                                           *
      v.                                   *    Appeal from the United States
                                           *    District Court for the Western
Rashod L. James, also known as             *    District of Missouri.
Rashad L. James,                           *
                                           *         [UNPUBLISHED]
            Appellant.                     *

_____

Submitted: April 16, 2012
Filed:  May 15, 2012

_____

Before MELLOY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Rashod James appeals from the sentence of 120 months' imprisonment imposed on him after he pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). We affirm.

He first maintains that the district court erred in imposing an enhancement to his guideline sentence based on U.S.S.G. § 2K2.1(b)(6) because he possessed the firearm in connection with another felony offense. The presentence investigation report had recommended the enhancement because the gun that Mr. James possessed had "the potential to facilitate his possession of [a] stolen vehicle, his resistance of

arrest, and his fleeing from the officers." Mr. James objected to this section of the PSR because there was no proof that he knew the vehicle was stolen.

At the sentencing hearing, the government argued that the enhancement was appropriate because Mr. James possessed the gun in connection with a number of felonies, including possessing a stolen vehicle and resisting arrest. Although the district court imposed the enhancement on the ground that the weapon facilitated the possession of a stolen car, and the proof of that may well have been deficient, we think that the law and the facts required the district court to impose the enhancement anyway because the gun facilitated Mr. James's resisting arrest: Under Missouri law, a person who resists arrest "by fleeing in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person" is a felon. *See* Mo. Rev. Stat. § 575.150.5.

Mr. James quite evidently violated this statute. Police officers observed him flee from the site of a car accident at an extremely high rate of speed and pursued him. Mr. James's flight endangered the public because he ran several stop signs and sped through residential neighborhoods at speeds of 60 to 70 miles per hour where the speed limit was 25 miles per hour. He later drove the wrong way down a one-way street traveling 85 to 90 miles per hour. When his car finally failed him, he fled, pistol in hand, leading officers on a precarious chase that ended up in the bottom of a twenty-five foot embankment and resulted in significant injuries to police officers before he was subdued. There can be no doubt that this resistance was a felony under Missouri law, or that the loaded gun that Mr. James possessed and took with him as he exited the car and ran from the police emboldened him in some manner to resist in the way he did. *See United States v. Mack*, 343 F.3d 929, 936 (8th Cir.2003). The guideline therefore required the enhancement.

Mr. James's other argument is that the sentence was unreasonable. The district court sentenced him to the statutory maximum, which was actually below the

guideline recommendation of 140-175 months.  A sentence below the guidelines can hardly ever be unreasonably high, *see United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011), *cert. denied*, 131 S. Ct. 1837 (2011), and given the offense circumstances that we rehearsed above which involved extremely dangerous conduct, and Mr. James's previous convictions, we can discern nothing unreasonable about the district court's sentence, which it amply justified on the record under the considerations listed in 18 U.S.C. § 3553(a).

Affirmed.

_____