# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-3151

———————————————

United States of America

*Plaintiff - Appellee*

v.

David Ray Powers, Jr.

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Harrison

——————————

Submitted: April 30, 2021
Filed: May 20, 2021
[Unpublished]

——————————

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

——————————

PER CURIAM.

David Ray Powers, Jr., appeals the Guidelines-range sentence the district court[1] imposed after he pleaded guilty to bank robbery and being a felon in possession of

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

a firearm. Counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that the district court procedurally erred in applying a 6-level enhancement to Powers's base offense level based on the classification of his prior California conviction for assault with a deadly weapon as a crime of violence, and a 4-level enhancement for possessing a firearm in connection with the bank robbery. Powers also challenges the sentence as substantively unreasonable.

We conclude that the district court did not plainly err in applying the sentencing enhancements. See United States v. Kirlin, 859 F.3d 539, 543 (8th Cir. 2017) (standard of review); United States v. Guiheen, 594 F.3d 589, 591 (8th Cir. 2010) ("in connection with" in U.S.S.G. § 2K2.1(b)(6)(B) means that the firearm had a purpose or effect with respect to the other felony offense because its presence facilitated or had the potential to facilitate the offense); U.S.S.G. §§ 2K2.1(a)(4)(A), 2K2.1(b)(6)(B), 4B1.2(a)(1); cf. United States v. Vasquez-Gonzalez, 901 F.3d 1060, 1064 (9th Cir. 2018) (holding conviction under pre-2011 version of California Penal Code § 245(a)(1) is categorically a crime of violence as defined in 8 U.S.C. § 16(a), as it requires use, attempted use, or threatened use of physical force). We also conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness). Having reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____