# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-2629

———————————————

United States of America

*Plaintiff - Appellee*

v.

George A. Taylor

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: June 14, 2021
Filed: August 10, 2021
[Unpublished]

————————

Before BENTON, ARNOLD, and STRAS, Circuit Judges.

————————

PER CURIAM.

George A. Taylor pled guilty to unlawfully possessing a firearm in violation
of 18 U.S.C. § 922(g)(1) and 924(a)(2). The district court[1] sentenced him below the

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for
the Western District of Missouri.

guidelines to 60 months in prison. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Officers attempted to stop Taylor while he was driving. He sped away at more than 100 miles per hour, eventually crashing into another car and a tree. He climbed out of the car and fled on foot. Police caught him. Inside the car, they found a loaded handgun on the driver's seat, a loaded magazine, a digital scale with white residue, and marijuana.

The presentence investigation report recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony—here, resisting arrest under RSMo § 575.150. The district court overruled Taylor's objection to the enhancement:

> I agree with both parties that the standard is whether or not [the firearm] has the potential to facilitate the felony, which in this case would be resisting or interfering with arrest, and the government's citation to cases which further define it as emboldening the defendant or increasing the risk of violence.
>
> The gun was found in the driver's seat of the car, and so I do think that it's reasonable to believe that the possession of the firearm had the potential to facilitate the felony, and both emboldened and increased the risk of violence. So for those reasons, the objection to the enhancement will be overruled.

Applying the enhancement, the guidelines range was 70 to 87 months. The court sentenced Taylor to 60 months.

Taylor contests the application of the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). "This court reviews for clear error a district court's finding that a defendant possessed a firearm in connection with another felony offense." *United States v. Mitchell*, 963 F.3d 729, 731 (8th Cir. 2020). Under U.S.S.G. § 2K2.1(b)(6)(B), the base offense level increases by four if the defendant "used or

possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense." *Id.* § 2K2.1 cmt. n.14(A). "In applying § 2K2.1(b)(6) when the defendant has not been convicted of another state or federal felony offense, the district court must find by a preponderance of the evidence that another felony offense was committed, and that use or possession of the firearm 'facilitated' that other felony." *United States v. Fisher*, 965 F.3d 625, 631 (8th Cir. 2020).

Taylor does not dispute he fled officers in violation of RSMo § 575.150. Instead, he argues that the firearm did not facilitate or have the potential to facilitate his flight. This argument is without merit. A firearm can facilitate or have the potential to facilitate a felony offense when it emboldens the defendant to commit an offense. *See United States v. Quinn*, 812 F.3d 694, 700 (8th Cir. 2016). "A defendant need not have initially intended to use the firearm to facilitate another felony." *United States v. Mathis*, 911 F.3d 903, 908 (8th Cir. 2018). But where the defendant "keeps a firearm at an easily accessible location while committing a felony offense, with knowledge or reason to believe that such firearm was facilitating the commission of that felony, then the defendant cannot escape the enhancement merely by claiming he did not subjectively intend to use or possess the weapon to facilitate another felony." *Id.* at 908-09 (cleaned up). *See United States v. Guiheen*, 594 F.3d 589, 591 (8th Cir. 2010) ("Keeping a firearm at an easily accessible location while committing another felony permits the inference that the firearm emboldened the defendant to engage in the illegal act." (internal quotation marks omitted)).

Here, officers found a firearm on the driver's seat of Taylor's car after a high-speed chase. Taylor argues the gun could not facilitate the offense because the police "did not see the gun until after Mr. Taylor was arrested." But there is no requirement that the police see the gun for it to facilitate another offense. *See United States v. Mounts*, 155 Fed. Appx. 951, 952 (8th Cir. 2005) (holding district court did not clearly err in "inferring the pistol in the glove box emboldened Mounts to continue

possessing the stolen truck"). *See also Guiheen*, 594 F.3d at 592 (holding that "access" to a hidden rifle "emboldened" the defendant to commit another offense). The district court did not clearly err in finding that Taylor's possession of the firearm during his high-speed chase had the potential to facilitate his flight. *See United States v. James*, 477 Fed. Appx. 412, 413-14 (8th Cir. 2012) (holding there was "no doubt" that a loaded gun "emboldened" the defendant to resist arrest). *United States v. McCrea*, 165 Fed. Appx. 270, 271-72 (4th Cir. 2006) (upholding enhancement where defendant fled police at high speed, but left gun in car after fleeing on foot).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____