# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-3203
_____

United States of America

*Plaintiff - Appellee*

v.

Joseph M. Lopez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: June 12, 2023
Filed: October 5, 2023
[Unpublished]
_____

Before GRUENDER, ARNOLD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Joseph M. Lopez pleaded guilty to one count of possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to 112 months' imprisonment. He

---

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

appeals the application of a four-level sentencing enhancement under United States Sentencing Guidelines § 2K2.1(b)(6)(B) (2021) for possessing the firearm in connection with another felony offense. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

On November 22, 2021, law enforcement executed a search warrant at Lopez's residence. Lopez was home, and officers promptly detained him in the living room. When the officers told him they had a warrant to search for narcotics, Lopez said they would find methamphetamine in his bedroom and a firearm in the bedroom closet. He explained that the drugs were his but that he was holding the firearm for a friend. When asked who the friend was, Lopez indicated that he could not remember the friend's name. Lopez identified his bedroom, where officers found methamphetamine and a digital scale on a desk, as well as glass smoking devices and other drug paraphernalia. In the bedroom closet, in an unlocked safe with a partially open door, officers found an unloaded High-Point 9mm semi-automatic pistol and three loaded magazines in a zippered pouch, and four boxes of ammunition.

Section 2K2.1 provides for a four-level increase in a defendant's offense level if that defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG §2K2.1(b)(6)(B). The Presentence Investigation Report recommended that the enhancement apply here because Lopez possessed the semi-automatic pistol "in connection with another felony offense, the possession and distribution of methamphetamine." Lopez objected.

At sentencing, Alex Lacy, who was the law enforcement officer who applied for the search warrant to search Lopez's home and was also one of the officers who executed that search warrant, testified. Officer Lacy explained that the firearm was found in the same bedroom as 22 grams of methamphetamine and a digital scale, and that it was in an unlocked safe with its door ajar, approximately twelve to fifteen feet from the drugs. Based on this testimony, as well as photos of Lopez's bedroom, the district court found that the firearm was in sufficiently close physical proximity

to the drugs to have "the potential of facilitating another felony offense." The court cited the layout of the bedroom and the location of the unlocked and open safe to conclude that Lopez had relatively easy access to both the firearm and the ammunition, and it overruled Lopez's objection.

"This court reviews for clear error a district court's [factual] finding that a defendant possessed a firearm in connection with another felony offense." United States v. Mitchell, 963 F.3d 729, 731 (8th Cir. 2020) (citing United States v. Mosley, 672 F.3d 586, 589 (8th Cir. 2012)).

On appeal, Lopez does not challenge the district court's finding of another felony offense—drug trafficking. Rather, he argues that the firearm was not in close proximity to the methamphetamine. See USSG §2K2.1, comment. (n.14(B)(ii)) (noting that when the other felony offense is "a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia" the four-level enhancement "is warranted because the presence of the firearm has the potential of facilitating another felony offense"). Lopez points out that the firearm was in the closet, while the drugs were on the other side of the room. And he contends that the firearm was not "at the ready" because it would take multiple steps to retrieve it from the zippered pouch, insert a magazine, and deploy it for use.

But the district court disagreed, concluding that the closet was "fully accessible" and that "[i]t would not take much" to gain possession of the gun for protection from "an intruder who is trying to steal the drugs" or from someone "looking for payment for the drugs." See United States v. Mangum, 625 F.3d 466, 467–68 (8th Cir. 2010) ("[W]here a defendant keeps a firearm 'at an easily accessible location' while committing a felony offense, a sentencing court may infer that the firearm 'emboldened the defendant to engage in the illegal act.' And this inference is sufficient to support the application of § 2K2.1(b)(6)." (quoting United States v. Guiheen, 594 F.3d 589, 591–92 (8th Cir. 2010) (cleaned up))). Based on the evidence presented at sentencing, we discern no clear error in the district court's

finding that the firearm was in close proximity to the methamphetamine and in a sufficiently accessible location to warrant the application of the four-level enhancement.

The judgment of the district court is affirmed.

_____