# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2250

_____

United States of America,

*Plaintiff - Appellee,*

v.

Mercedes W. Gregory,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: February 12, 2024
Filed: July 30, 2024
[Unpublished]

_____

Before LOKEN, COLLOTON,[1] and KELLY, Circuit Judges.

_____

PER CURIAM.

Mercedes Gregory pleaded guilty to robbery in violation of the Hobbs Act and to unlawful possession of a firearm as a felon. *See* 18 U.S.C. §§ 1951(a), 922(g)(1).

---

[1]Judge Colloton became chief judge of the circuit on March 11, 2024. *See* 28 U.S.C. § 45(a)(1).

The district court[2] sentenced Gregory to 130 months' imprisonment. On appeal, Gregory argues that the district court relied on clearly erroneous facts and imposed an unreasonable sentence. We affirm.

The charges arose from an incident at a Kohl's department store. Douglas Stevens, a loss-prevention employee, observed Gregory attempting to steal items from the store. Stevens followed Gregory outside and heard Gregory say something like: "If you keep following me, I'm going to shoot you." Stevens testified at sentencing that he stopped his pursuit after he saw the handle of a handgun at Gregory's waist. Gregory left the Kohl's with approximately $435 in stolen merchandise. Around eight hours later, law enforcement officers apprehended Gregory at a gas station and found a stolen handgun in his possession.

A grand jury charged Gregory with Hobbs Act robbery, *see id.* § 1951(a), brandishing a firearm in furtherance of that robbery, *see id.* § 924(c)(1)(A)(ii), and unlawfully possessing a firearm as a felon. *See id.* § 922(g)(1). Gregory pleaded guilty to robbery and to unlawful possession of a firearm, and the government dismissed the charge of brandishing a firearm under § 924(c)(1). Gregory stipulated that he threatened to shoot Stevens.

The presentence investigation report recommended the application of a four-level increase for Gregory's possession of a firearm in connection with another felony offense. *See* USSG § 2K2.1(b)(6)(B). The district court adopted the report and sentenced Gregory at the bottom of the advisory guideline range of 130 to 162 months' imprisonment.

Gregory first argues that the court committed procedural error by applying the four-level increase. He contends that there was insufficient evidence that he

---

[2]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

possessed a firearm in connection with the robbery. The district court's determination is a factual finding that we review for clear error. *United States v. Smith*, 535 F.3d 883, 885 (8th Cir. 2008).

The guidelines require the four-level increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). This provision applies when the possession of a firearm "facilitated or had the potential to facilitate the offense," but not when the possession was the result of "mere accident or coincidence." *United States v. Guiheen*, 594 F.3d 589, 591 (8th Cir. 2010) (internal quotation omitted); *see* USSG § 2K2.1, comment. (n.14(A)).

The district court found that Gregory carried a firearm during the robbery. Gregory maintains that this finding was error because Stevens's testimony was inconsistent with surveillance footage. He notes that the firearm was not visible in the video and Stevens misjudged the distance between himself and Gregory. But Stevens testified that he saw the firearm during a portion of the video when Gregory was hidden from the camera's view by a tree. The district court's credibility determinations are virtually unreviewable on appeal, *United States v. Quinto-Pascual*, 9 F.4th 797, 802 (8th Cir. 2021), and misjudging a distance during an active robbery does not make Stevens's testimony "so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it." *See United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir. 1995).

The district court also found that Gregory's possession facilitated his offense. Ready access to a firearm can facilitate wrongdoing by emboldening the wrongdoer. *Guiheen*, 594 F.3d at 591-92. The officer here testified that the gun chilled his attempt to thwart the robbery. The district court's determination that Gregory possessed a firearm in connection with the robbery was not clearly erroneous.

Gregory also argues that his sentence at the bottom of the guideline range was unreasonable. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A sentence within the advisory range is presumed reasonable. *United States v. Haynes*, 62 F.4th 454, 460 (8th Cir. 2023).

Gregory argues that the court failed to consider mitigating factors presented in his sentencing memorandum, the presentence report, and his counsel's statements at sentencing. But the judge heard counsel's argument and said that he reviewed the materials. "[A] district court's awareness of the defendant's arguments precludes any conclusion that the district court abused its discretion by failing to consider them." *United States v. Johnson*, 619 F.3d 910, 922 (8th Cir. 2010). "[A] district court is not required to address every argument for mitigation brought by defense counsel." *United States v. Edwards*, 65 F.4th 996, 999 (8th Cir. 2023). Gregory also complains that the court overstated the seriousness of his offense, because he stole only $435 of merchandise. This argument overlooks that Gregory threatened to inflict serious bodily harm to another person while taking the merchandise. There was no abuse of discretion in selecting a sentence.

The judgment of the district court is affirmed.

_____