# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2947

_____

United States of America

*Plaintiff - Appellee*

v.

Dexter Lewis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2026
Filed: June 4, 2026
[Published]

_____

Before SMITH, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

A jury found Dexter Lewis guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] found that Lewis "possessed [the] firearm . . . in connection with another felony [offense]" and

---

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

therefore applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B).[2] On appeal, Lewis challenges the district court's application of the enhancement. We affirm.

## I. *Background*

One evening, law enforcement officers observed a Saab fail to stop at a stop sign. The officers activated their overhead lights. In response, the Saab—driven by Lewis—accelerated and sped away at a high rate of speed. Law enforcement pursued the Saab for approximately 30 minutes. During the chase, Lewis disobeyed traffic control devices and rammed numerous vehicles that were in his path. Officers successfully deployed spike strips at five different locations and deflated all four tires on Lewis's Saab. Lewis's speed decreased dramatically. Lewis then put a firearm in the purse of his girlfriend, the passenger, over her objection. After doing so, Lewis jumped out of the vehicle while it was in motion. He fled on foot. After the vehicle crashed, his girlfriend exited the vehicle and ran in Lewis's direction. Officers apprehended and arrested them close to the abandoned vehicle. Officers searched his girlfriend's purse and discovered Lewis's firearm.

A jury subsequently found Lewis guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Prior to sentencing, the probation office prepared a presentence report (PSR). It included only an enhancement based on the firearm being stolen. The government notified the probation office that the PSR omitted additional enhancements for obstruction of justice and fleeing. The probation office responded that the final PSR would contain the enhancements.

A subsequent PSR included an obstruction-of-justice enhancement but did not include an enhancement for Lewis's flight. The government objected to the PSR and

---

[2] "The current version of the Guidelines, effective November 1, 2025, provides this enhancement at USSG § 2K2.1(b)(7)(B). References herein to USSG § 2K2.1(b)(6)(B) refer to the version of the Guidelines used to determine [Lewis's] offense level at the time of sentencing." *United States v. Naylor*, No. 24-1490, 2026 WL 237724, at *1 n.1 (3d Cir. Jan. 29, 2026) (unpublished).

sought an additional four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) based on Lewis possessing a firearm in furtherance of another felony—resisting arrest. Alternatively, the government sought a two-level enhancement pursuant to U.S.S.G. § 3C1.2 for Lewis recklessly creating a substantial risk of death or serious injury in the course of fleeing from law enforcement.

A revised PSR was then filed, which included an additional enhancement under § 3C1.2. The probation office believed that § 2K2.1(b)(6)(B) was inapplicable. It concluded that Lewis did not possess the firearm to facilitate his flight because officers had no knowledge of it, Lewis did not exhibit the firearm, and he put the firearm in his girlfriend's purse prior to fleeing.

At sentencing, the district court sustained the government's objection to the PSR and applied the four-level enhancement under § 2K2.1(b)(6)(B). It found that Lewis's possession of the firearm facilitated or had the potential to facilitate his flight. In reaching this conclusion, the district court considered Lewis's "extensive lengthy flight" resulting in law enforcement's deployment of "spike strips . . . multiple times[] and air support"; Lewis's use of "evasive measures" while driving "circuitous routes . . . through the city and around apartment buildings and alleys"; and his girlfriend's statement "that she was unaware that the firearm was in her purse and that it had been put there by [Lewis]." R. Doc. 137, at 12–13. The court noted that its finding would be the same even if it omitted the fact that Lewis placed the firearm in his girlfriend's purse during the flight.

The court reasoned that Lewis's possession of the firearm "embolden[ed]" him and "facilitate[d] [Lewis] in conducting that fleeing and that flight because of the ability to be able to . . . shoot at law enforcement officers, shoot at those who are pursuing [him] and, thereby, deter them." *Id.* at 13. The court acknowledged that Lewis did not "sho[o]t or discharge[] the firearm in the course of the conduct in question" but explained "that's not the test. The test is facilitating or hav[ing] the potential for facilitating . . . the other felony offense." *Id.*

The court then addressed the probation office's reasoning for declining to apply the § 2K2.1(b)(6)(B) enhancement, stating:

> One of the things mentioned in the presentence report is that because the defendant didn't exhibit the firearm and that there was no information that the police knew that the defendant had the firearm, that's part of the reasoning for the presentence officer's position on this, I find that reasoning inapplicable here because there's nothing in the relevant conduct principles or in the application notes for the particular guideline that requires that law enforcement know that the defendant had the firearm or that the defendant exhibited the firearm as a means of facilitating it.

> The focus here is on whether the firearm facilitated the defendant's pursuit of the conduct that the defendant engaged in here. The conduct being the felony fleeing. And I find, as I say, no difficulty on these facts that having a firearm emboldened and facilitated the defendant's pursuit of the felony fleeing here.

*Id.* at 14.

Application of the enhancement raised Lewis's Guidelines range from 79 to 97 month's imprisonment to 97 to 121 months' imprisonment. The court sentenced Lewis to 121 months.

## II. *Discussion*

On appeal, Lewis challenges the district court's application of the § 2K2.1(b)(6)(B) enhancement. He argues that the district court failed to explain how his "possession of the firearm . . . emboldened or facilitated his fleeing from police." Appellant's Br. 9. He notes that he never "exhibit[ed] it or point[ed] it at officers" and "did not have the firearm tucked in his waistband or otherwise on his person." *Id.* And he points out that officers discovered the firearm in his girlfriend's purse, not in his vehicle. He concludes that his "possession of the firearm . . . [was] too attenuated and remote to support the conclusion that it facilitated the felony fleeing charge." *Id.*

-4-

Section 2K2.1(b)(6)(B) directs the court to "increase [a defendant's offense level] by 4 levels" "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense." "'Another felony offense[,'] for purposes of subsection (b)(6)(B), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(C). "'In connection with' means that, at a minimum, the firearm had a 'purpose or effect with respect to' the other felony offense because its presence facilitated or had the potential to facilitate the offense, as opposed to being the result of mere accident or coincidence." *United States v. Guiheen*, 594 F.3d 589, 591 (8th Cir. 2010) (quoting *United States v. Harper*, 466 F.3d 634, 650 (8th Cir. 2006)). We "review[] for clear error a district court's finding that a defendant possessed a firearm in connection with another felony offense." *United States v. Mitchell*, 963 F.3d 729, 731 (8th Cir. 2020).

"Our Court has repeatedly approved the 'emboldenment' theory for use with Section 2K2 enhancements . . . ." *United States v. Fleming*, 103 F.4th 509, 515 (8th Cir. 2024) (citing *United States v. Quinn*, 812 F.3d 694, 700 (8th Cir. 2016)).

> Though the enhancement is inapplicable if a firearm was present at the crime scene due to mere accident or coincidence, where a defendant keeps a firearm at an easily accessible location while committing a felony offense, a sentencing court may infer that the firearm emboldened the defendant to engage in the illegal act.

*United States v. Mangum*, 625 F.3d 466, 467–68 (8th Cir. 2010) (citation modified); *see also Guiheen*, 594 F.3d at 591 ("Keeping a firearm at an easily accessible location while committing another felony permits the inference that the firearm emboldened the defendant to engage in the illegal act." (citation modified)). The "defendant cannot escape the enhancement merely by claiming he did not subjectively intend to use or possess the weapon to facilitate another felony." *United States v. Mathis*, 911 F.3d 903, 909 (8th Cir. 2018).

Furthermore, "there is no requirement that the police see the gun for it to facilitate another offense." *United States v. Taylor*, 856 F. App'x 57, 58 (8th Cir. 2021) (unpublished per curiam) (citing *United States v. Mounts*, 155 F. App'x 951, 952 (8th Cir. 2005) (unpublished per curiam) (holding district court did not clearly err in "inferring the pistol in the glove box emboldened Mounts to continue possessing the stolen truck"); *Guiheen*, 594 F.3d at 592 (holding that "access" to a hidden rifle "emboldened" the defendant to commit another offense)).

Having reviewed the record, we hold that the district court did not clearly err in applying § 2K2.1(b)(6)(B) to Lewis. First, Lewis was charged in Missouri state court with the offense of "resist[ing] . . . arrest, stop[,] or detention . . . by fleeing," Mo. Rev. Stat. § 575.150.1(1), that "create[d] a substantial risk of serious physical injury or death to any person . . . a class E felony," *id.* § 575.150.5. Second, the firearm was easily accessible to Lewis during his flight and potentially facilitated it. During his flight, Lewis first had the firearm on his person and later placed it in his girlfriend's purse. After Lewis placed the firearm in his girlfriend's purse, it remained easily accessible to him in the vehicle. Finally, the fact that Lewis was apprehended without the firearm on his person does not detract from the firearm's emboldenment of Lewis's initial flight. Lewis was able to evade police for approximately 30 minutes while driving his vehicle in possession of or with access to the firearm. *See Taylor*, 856 F. App'x at 58 (upholding application of § 2K2.1(b)(6)(B) where defendant led police on a high-speed chase, crashed his vehicle, left his firearm in the vehicle, and fled on foot, despite the fact that "the police 'did not see the gun until after [the defendant] was arrested'").

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____