# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1033
_____

United States of America

*Plaintiff - Appellee*

v.

Victor Devon Edwards

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 21, 2022
Filed: April 25, 2023

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

A jury convicted Victor Devon Edwards of rioting, 18 U.S.C. § 2101(a), and aiding and abetting arson, 18 U.S.C. §§ 2 and 844(i), for his participation in civil unrest in downtown Minneapolis. The district court[1] sentenced Edwards to

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, presided over the trial. The case was thereafter reassigned to the

concurrent sentences of 60 months of imprisonment for rioting and 100 months of imprisonment for aiding and abetting arson, followed by two years of supervised release. Edwards appeals, challenging the admission of certain surveillance video and the substantive reasonableness of the sentence. We affirm.

## I. Background

On the night of August 26, 2020, rumors spread that police officers had killed a homicide suspect in downtown Minneapolis. In reality, the suspect took his own life. Before the police could release video showing that officers had not killed the suspect, crowds gathered in downtown Minneapolis. Despite efforts to calm the crowd and correct the rumor, the crowd became more agitated and destructive. Looting ensued and multiple buildings were set on fire in the course of the riot, including the headquarters for Target Corporation and a bar known as Brit's Pub.

In the aftermath of these events, authorities obtained evidence that Edwards participated in the riot. Edwards appeared several times on surveillance recordings, most importantly showing Edwards unlawfully entering the Target headquarters building. While in the Target mailroom a companion of Edwards, Shador Jackson, started a fire. Video from the Target mailroom also shows another "shadowy figure," near the fire, pouring an accelerant onto the fire. Exterior surveillance video then shows Edwards and Jackson leaving Target and entering Brit's Pub, where a second fire began minutes after Edwards's entrance. At issue is the admission of surveillance video capturing Edwards entering Brit's Pub and the subsequent fire.

Authorities also obtained data from Edwards's cell phone and social media that provided other information about his activity in downtown Minneapolis that night. This included videos of Edwards outside of damaged retail stores and

Honorable Patrick J. Schiltz, now Chief Judge, United States District Court for the District of Minnesota, who imposed Edwards's sentence.

-2-

displaying a large amount of cash. Text messages from Edwards's phone indicated he intended to engage in looting.

Authorities arrested and charged Edwards with rioting in violation of 18 U.S.C. § 2101(a) and aiding and abetting arson of the Target building in violation of 18 U.S.C. §§ 2 and 844(i).[2] The district court sentenced Edwards to 100 months of imprisonment.

## II. Analysis

Edwards appeals, challenging the admission of surveillance video showing the Brit's Pub fire and arguing his sentence is substantively unreasonable. We consider each argument in turn.

### A. Evidentiary Challenge

We first consider Edwards's evidentiary challenge, which we review under an abuse of discretion standard. *United States v. Willins*, 992 F.3d 723, 726 (8th Cir. 2021). Edwards argues the district court abused its discretion in overruling his objection to the admission of the Brit's Pub video because the district court "fail[ed] to conduct the required balancing test" and erred in admitting the evidence because the "footage was unfairly prejudicial and misleading, confused the issues, and was unduly cumulative." Edwards specifically argues admitting the video of the Brit's Pub fire "was highly unfairly prejudicial, confusing, and misleading because the jury likely would believe it supported the arson charge [at Target's headquarters]" when the video was admitted only as evidence of riotous behavior.

Under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues,

---

[2]Authorities also arrested Jackson and charged him with conspiracy to commit arson under 18 U.S.C. §§ 371 and 844(i). Jackson pled guilty, and the district court sentenced him to 33 months of imprisonment.

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. We grant "great deference . . . [to] the district court's balancing of the probative value and prejudicial impact of the evidence." *United States v. Ruiz*, 412 F.3d 871, 881 (8th Cir. 2005).

Here, the district court decided the challenged surveillance video was not so unfairly prejudicial, misleading, or confusing so as to substantially outweigh its probative value. The district court found the video probative on grounds that Edwards's entire course of conduct throughout the night was relevant to determine if he engaged in riotous behavior. The fact that the video involved an act of arson did not diminish the video's probative value to prove riotous conduct. Riotous conduct includes acts of violence that result in damage to property. *See* 18 U.S.C. § 2102(a). Setting fire to a building falls safely within the type of conduct prohibited by the statute. Further, the district court reasoned that any unfair prejudicial effect would be mitigated with a limiting instruction prohibiting the jury from considering the Brit's Pub video as evidence that Edwards helped commit arson at the Target headquarters.

The district court's explanation belies Edwards's contention that the district court neglected to conduct the balancing test required by Rule 403. It also convinces us the district court did not abuse its discretion by admitting the challenged video. While the evidence may have contributed to Edwards's conviction, "Rule 403 prohibits evidence that is unfairly prejudicial, not any evidence detrimental to a defendant's case." *United States v. Fechner*, 952 F.3d 954, 958 (8th Cir. 2020). We agree with the district court's assessment that video surveillance images were probative as to whether Edwards engaged in riotous behavior in violation of 18 U.S.C. § 2101(a). And in light of the limiting instruction,[3] any danger of unfair prejudice or confusion that could result from admission of the video was diminished and did not substantially outweigh its probative value.

---

[3]At trial Edwards requested the limiting instruction and conceded the limiting instruction given was satisfactory.

## B. Sentencing

We next consider Edwards's request to vacate the judgment and remand for resentencing because the district court failed to respond to all his mitigation arguments and imposed a substantively unreasonable sentence. We decline to do so.

We have long held a district court is not required to address every argument for mitigation brought by defense counsel. *United States v. Struzik*, 572 F.3d 484, 487 (8th Cir. 2009). Instead, the district court must simply provide enough of an explanation to convince us it has considered the arguments the parties advanced and has a "reasoned basis" for making its decision. *Id.* Here, the district court provided extensive reasoning, much of which expressly addressed Edwards's mitigation arguments. This explanation is sufficient to satisfy us that the district court considered Edwards's arguments and had a reasoned basis for imposing the 100-month sentence. As to his claim the sentence is substantively unreasonable, Edwards has not articulated any reason for us to reach such a conclusion in light of the presumption of reasonableness that attaches to the bottom-of-the-Guidelines sentence. *See United States v. Ruiz-Salazar*, 785 F.3d 1270, 1272 (8th Cir. 2015). As the district court explained, "[Edwards] was risking the lives of hundreds or even thousands of people for no discernible purpose." Considering this and Edwards's mitigating factors, the district court found "a sentence of 100 months is sufficient, but not greater than necessary, to accomplish the goals of [18 U.S.C. §] 3553(a)." We discern no error in this determination.

## III. Conclusion

For the foregoing reasons, we affirm the district court's judgment.

_____