# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2598
_____

United States of America

*Plaintiff - Appellee*

v.

Theodore Watkins, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri
_____

Submitted: November 22, 2024
Filed: February 10, 2025
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

Theodore Watkins, Jr., challenges his 18 U.S.C. § 922(g)(1) conviction, claiming the district court[1] erred by admitting unnoticed expert testimony and because his trial counsel was ineffective. We conclude the challenged testimony

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

was proper lay opinion testimony and decline to review his ineffective assistance of counsel claim in this direct appeal. We therefore affirm his conviction.

## I. Background

In 2022, Watkins went to the home of an eighty-two-year-old woman and asked her if she would hire him to mow her grass. After the homeowner declined, Watkins left and returned with a handgun. When the homeowner opened her door, Watkins slammed the door into her, pointed the firearm at her, and demanded money. He pocketed two twenty-dollar bills from her purse and ordered her around the home for the next thirty to forty-five minutes while he searched for valuables.

Meanwhile, a neighbor who had seen Watkins force entry into the home contacted law enforcement. Officers soon arrived on the scene and surrounded the home. Watkins then attempted to conceal his crime. He told the homeowner to tell law enforcement that he was a friend doing work for her. He also asked for a screwdriver. Soon after that request, the homeowner "heard a noise in [her] front bedroom" followed by a "thunk." She recognized the initial noise as a unique squeaking sound the return vent cover to her furnace made when removed, and so she believed Watkins had removed the cover and dropped the firearm into the vent. Eventually, law enforcement ordered everyone to evacuate the home, and both Watkins and the homeowner exited.

Officers searched Watkins but found no firearm. Based on the homeowner's statements that she believed Watkins had placed the weapon in a vent, Sergeant Jeff Pagel of the Independence, Missouri, Police Department "removed every vent in the entire house that [he] found with a screwdriver." At each vent, Sergeant Pagel peered inside to look for a gun. When he checked the return air vent in the front bedroom, he noticed it had an air filter about a foot from the vent cover. He reached inside to manipulate the air filter, "[a]nd as soon as [he] touched it, [he] heard a loud bang." Believing the sound was the firearm falling into the furnace, Sergeant Pagel went to the garage where the furnace was located, removed panels from the furnace,

and spotted the barrel of a gun sticking up. Once he removed additional panels, he retrieved the firearm.

At trial, Sergeant Pagel testified he could look through the furnace's opening for the air filter to see the return air vent leading to the bedroom. He further explained he did not believe the firearm could have entered the furnace without disassembling the furnace or removing several pieces of ductwork except if it was placed there through the bedroom vent. Watkins's trial counsel then asked Sergeant Pagel whether he had any specialized training or knowledge in furnace repair or maintenance. Sergeant Pagel stated he had no such training, but on redirect, the government elicited testimony about his experience in construction. Sergeant Pagel explained he had a construction business and built homes so he "had a lot of experience with minor issues with furnaces" and "kn[ew his] way around the furnace." He then reiterated his opinion that "[t]he easiest, quickest way" to place a firearm inside the furnace was to send it through the bedroom vent and that, without leaving the home to enter the garage, a person could not place a gun inside the furnace except through the bedroom vent.

Watkins objected to Sergeant Pagel's testimony on redirect as unnoticed expert testimony because the government had never disclosed him as a construction or furnace expert. The district court overruled this objection, and the jury ultimately found Watkins guilty of unlawfully possessing a firearm as a felon. The district court sentenced him to 120 months of imprisonment. On appeal, Watkins asserts that the district court abused its discretion by admitting Sergeant Pagel's redirect testimony and that his trial counsel was ineffective by failing to request a continuance or another remedy as an alternative to excluding the testimony.

## II. Analysis

Starting with Watkins's challenge to Sergeant Pagel's redirect testimony, we find no abuse of discretion by the district court. *See United States v. Mackey*, 83 F.4th 672, 676 (8th Cir. 2023) (standard of review). Upon the defendant's request,

the government must disclose prior to trial any expert witness testimony it plans to admit. *See* Fed. R. Crim. P. 16(a)(1)(G). We conclude Sergeant Pagel did not provide expert testimony, so Rule 16's disclosure requirement was inapplicable.

We determine whether a witness is offering expert or lay opinion testimony by considering both the witness and his opinion. *United States v. Mast*, 999 F.3d 1107, 1112 (8th Cir. 2021). Proper "lay testimony must be (1) 'rationally based on the witness's perception,' (2) 'helpful to clearly understanding the witness's testimony or to determining a fact in issue,' and (3) 'not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *Id.* (quoting Fed. R. Evid. 701). A witness's "professional training and experience" concerning a subject "d[oes] not, standing alone, render [his] testimony about [that subject] expert testimony." *Id.* If a witness's testimony is limited to "firsthand knowledge and personal experience," it is permissible lay testimony. *See id.*; *United States v. Smith*, 591 F.3d 974, 983 (8th Cir. 2010).

Sergeant Pagel's challenged testimony was based on his firsthand knowledge of the vent, furnace, and the firearm's location, derived from his personal examination at the home during his search for the weapon. He personally maneuvered the furnace air filter, heard a sound he believed was the weapon falling, opened the furnace's panels, and removed the weapon. He observed that there was no other path to place something inside the furnace besides entering the garage and removing the panels or passing something through the vent. In light of this personal knowledge, Sergeant Pagel offered two opinions in his redirect testimony: (1) that the easiest way to place the firearm inside of the furnace was through the vent, as the homeowner claimed Watkins had done; and (2) that passing the firearm through the vent was the only way to place it in the furnace without leaving the home and entering the garage. Both opinions were circumscribed to matters within his own knowledge and experience and did not rely on any specialized training. His statements about his construction experience and his knowledge of how to remove furnace panels arose on redirect solely to rehabilitate him after the defense put his lack of specialized training in furnaces at issue as a reason to discredit his testimony.

We therefore conclude the district court did not abuse its discretion by admitting this testimony as a lay opinion.

Watkins next argues his trial counsel was ineffective because he did not request additional remedies, such as a continuance, to address Sergeant Pagel's redirect testimony. In direct appeals, we consider ineffective assistance of counsel claims "only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006). None of these circumstances are applicable here, so we decline to address this claim in this appeal.

### III. Conclusion

We affirm Watkins's conviction and decline to review his ineffective assistance of counsel claim.

_____