**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1769

_____

UNITED STATES OF AMERICA

v.

JONATHAN DEAN MICHAEL,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:21-cr-00270-001)
District Judge: Honorable Stephanos Bibas†

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 13, 2025

Before: CHAGARES, *Chief Judge,* PORTER, and AMBRO, *Circuit Judges*.

(Filed: July 10, 2025)

_____

OPINION*

_____

---

† The Honorable Stephanos Bibas, Circuit Judge, sitting by designation pursuant to 28 U.S.C. § 291(b).
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Jonathan Michael appeals his 2024 convictions for tax evasion and not filing a tax return. Michael objects to the jury charge, several evidentiary rulings, and the dismissal of a potential juror for cause, arguing that those alleged errors cumulatively deprived him of a fair trial. For the reasons below, we reject each of those challenges and will affirm.

I

Michael paid federal income tax and filed an annual tax return from 1988 to 2013. In 2012, Michael claimed a dubious $25,852 charitable-contribution deduction. The IRS questioned and ultimately disallowed that deduction, requiring Michael to pay $11,165.28 in back taxes. While the 2012 deduction was being evaluated by the IRS in 2014, Michael submitted a Form W-4 to his employer falsely claiming that he was exempt from federal income tax withholding requirements.

The basis of that claimed exemption is a supposed loophole created by 12 U.S.C. § 411 that some online tax "experts" say makes paying federal income taxes optional. According to these advisors, individuals that demand their employer pay them in special, non-taxable dollars need not pay income tax. That is what Michael tried to do. On the Form W-4 Michael submitted to his employer, he wrote "Exempt—In Demand for Lawful Money 12 U.S.C. 41[1]." App. at 257.

At first, Michael "got push-back from [the] payroll department." App. at 1221. But after he told payroll to contact the legal department, his employer stopped taking federal withholdings from his income. Michael said that experience "reinforced" his belief and

2

"emboldened" him that what he was doing was legitimate. App. at 1224. In 2014, Michael's employer withheld only $10,106, and in 2015, it withheld $0.

In October 2016, the IRS sent his employer a "lock-in letter" asking it to override Michael's request that none of his income be withheld. The IRS sent Michael a corresponding letter notifying him of the lock-in letter and that he was ineligible for a withholding exemption. In a mailed response, Michael wrote, "I owe you nothing nor do you have any jurisdiction over me" because "I am not a United States citizen." App. at 86. The IRS replied to that letter informing Michael that his position was "frivolous" and advising him to seek the advice of a "reputable tax practitioner or attorney." App. at 178. Michael sent a letter to his employer's payroll department that he was administratively contesting the lock-in letter and demanding that it "not [] alter my [W-4] form until this dispute is resolved." App. at 258. That seemed to have worked because Michael's employer withheld no federal income tax from 2016 to 2019.

All this time, some of Michael's conduct undermined the sincerity of his stated beliefs. In 2010 and 2015 Michael filed loan applications on which he answered "yes" to the question asking if he was a United States citizen. Also, in 2015, 2016, and 2017, Michael traveled with a United States passport.

In 2021, Michael was indicted for one count of tax evasion in violation of 26 U.S.C. § 7201, and five counts of failure to file a tax return for the years 2014 through 2018 in violation of 26 U.S.C. § 7203. At trial, Michael's defense focused on whether he acted willfully. A jury convicted Michael on all six counts. Michael timely appealed.

II

3

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

## III

### A

Our review of jury instructions as to whether the District Court stated the correct legal standard is plenary. *United States v. Shaw*, 891 F.3d 441, 449–50 (3d Cir. 2018). Our review as to the specific wording of jury instructions is for abuse of discretion. *Id.* at 450.

Michael first argues that the District Court erred by not granting his request for additional instructions on the willfulness and good-faith elements of the charged offenses. He does not argue that the District Court incorrectly stated the standard for willfulness and good faith, so our review is for abuse of discretion.

The District Court did not abuse its discretion in denying Michael's request for additional instructions. At the charging conference, the District Court explained how Michael's requested instructions might "confuse the jury." App. at 1297. In fact, it was concerned that Michael's requested instructions would mislead the jury to think that Michael carried the burden of proving that he did not act willfully. *Id.*

When the District Court instructed the jury about willfulness, it articulated the correct legal standard. Its charge closely tracked the Supreme Court's language in *Cheek v. United States*: "the statutory willfulness requirement is the 'voluntary, intentional violation of a known legal duty.'" 498 U.S. 192, 201 (1991); App. at 1339 (charging the jury that "'[w]illfully' means a voluntary and intentional violation of a known legal

4

duty"). The District Court's further explanation of willfulness correctly articulated the legal standard. *See United States v. Phillips*, 959 F.2d 1187, 1191 (3d Cir. 1992) (stating that it is not appropriate to reverse a district court's denial to charge a specific jury instruction when the information was "substantially covered by the instructions given"). Moreover, the District Court had granted Michael's request to provide the jury a preliminary instruction on willfulness and good faith at the start of trial.

Next, Michael argues that the District Court erred by not instructing the jury that the total amount of Michael's outstanding tax liability could not be used as evidence of his willfulness or lack of a good-faith belief. That argument goes to the correct legal standard, so our review is plenary.

Again, the District Court did not err. Because "direct proof [of willfulness] is often unavailable," circumstantial evidence can be appropriate. *United States v. Kim*, 884 F.2d 189, 192 (5th Cir. 1989); *see also* Fed. R. Evid. 404(b)(2) (permitting other act evidence to prove motive, intent, knowledge, and absence of mistake). Circumstantial evidence makes a fact more likely without directly proving it. Although the District Court did not refer to it as "circumstantial evidence" at the charging conference, that is what Michael's outstanding tax liability is. A large amount makes it more likely that Michael acted willfully, and the District Court's determination that it could be used as evidence of willful conduct—or if the amount had been small, as evidence of non-willful conduct—was sound.

B

Our review of a district court's evidentiary ruling is for abuse of discretion. *United States v. DeMuro*, 677 F.3d 550, 557 (3d Cir. 2012). Michael challenges the admission of the following evidence: the audited $25,000 deduction, evidence of his failure to pay New Jersey state taxes, evidence of his failure to pay federal taxes after 2018, and his passport applications and travel records. Michael further challenges the District Court's decision not to admit evidence of tax enforcement alternatives to criminal prosecution.

1

Michael challenges the audited $25,000 deduction as irrelevant. That argument fails because the 2012 deduction (audited by the IRS in 2013) makes it more likely that Michael's later failures to file (2014 through 2018) were willful. First, that Michael paid the IRS back taxes at the time he was asserting exemption from federal income taxes suggests that he did not really believe he was exempt from federal income taxes. As the government said at a pretrial hearing, "[i]f you are someone that genuinely believes that you are not subject to the authority of the IRS or genuinely believes that you are not required to pay federal income taxes, why are you sending a $9,000 check to the IRS two years after you start to claim exemption?" App. at 510.

Second, Michael started claiming to be exempt from federal tax laws around the time the IRS audited and then imposed back taxes relating to the 2012 deduction. Prior to that incident, Michael had paid his taxes. Michael's sudden change in behavior suggests that he did not have a good-faith misunderstanding but became motivated to avoid paying federal taxes.

6

This Court's decision in *United States v. Daraio* is on point. 445 F.3d 253 (3d Cir. 2006). There, we explained that "[i]n cases involving violations of federal tax laws such as tax evasion, '[a] defendant's past taxpaying record is admissible to prove willfulness circumstantially.'" *Id.* at 264 (quoting *United States v. Ringwalt*, 213 F. Supp. 2d 499, 506 (E.D. Pa. 2002)). As in *Daraio*, the District Court here "repeatedly issued limiting instructions regarding the Rule 404(b) evidence in which the court emphasized the limited purpose for which the evidence was admissible, thereby minimizing any prejudicial effect." *Id.* at 265.

2

Michael challenges the District Court's ruling that evidence of his failure to pay New Jersey state taxes was admissible. But the government never introduced that evidence at trial, so any error is harmless. *See United States v. Dispoz-O-Plastics, Inc.*, 172 F.3d 275, 286 (3d Cir. 1999) ("Non-constitutional error is considered harmless when 'it is highly probable that the error did not contribute to the judgment.'") (quoting *United States v. Zehrbach*, 47 F.3d 1252, 1265 (3d Cir. 1995)).

3

Michael challenges the introduction of evidence of (1) his failure to pay taxes or file a tax return after 2018, (2) his passport applications, and (3) his travel records as unfairly prejudicial under Federal Rule of Evidence 403. Those arguments fail because Michael does not explain how that evidence *unfairly* prejudiced him. *See United States v. Bergrin*, 682 F.3d 261, 279–80 (3d Cir. 2012) (distinguishing between "unfair prejudice," which is "based on something other than [the evidence's] persuasive weight" and

7

evidence that hurts a defendant's case) (quoting *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003)) (emphasis omitted).

## 4

Michael's last evidentiary challenge asserts that the District Court erred by not permitting him to introduce testimony of alternative-enforcement options the government could have leveraged to collect his outstanding taxes. That argument fails because the availability of alternatives "is irrelevant to the issue of criminal liability" and "would serve only to confuse the jury." *United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980); *see also DeMuro*, 677 F.3d at 565.

## C

Our review of a district court's dismissal of a potential juror for cause is for "manifest error—a most deferential standard." *United States v. Nasir*, 17 F.4th 459, 467 (3d Cir. 2021).

During voir dire, potential jurors were asked whether they "hold any belief, feeling, or opinion regarding the tax laws, the IRS, or these types of prosecutions such that you could not sit as a fair and impartial juror in this case." App. at 552. One potential juror responded, "I guess one thing is that I don't believe in federal income tax; but aside from that, no." App. at 685. In follow-up questioning, this potential juror stated that he "d[idn't] think the federal government has the right to impose a direct tax on anybody" and that he would "do [his] best to follow the evidence and the law." App. at 686–87. Asked whether he could "judge a case like this fairly," he responded, "Yes, I think so. I believe so." *Id.* at

687. Given those stated beliefs and equivocal responses, we detect no error, much less manifest error, in the District Court's for-cause dismissal.[1]

## D

Lastly, Michael argues that the District Court's several errors together entitle him to a new trial. He raises that argument for the first time on appeal, so our review is for plain error. *United States v. Fulton*, 837 F.3d 281, 312 (3d Cir. 2016). Because he has demonstrated no error, his cumulative-error challenge necessarily fails.

\*     \*     \*

For these reasons, we will affirm.

---

[1] The government also argues that a district court's decision to grant a motion to remove a potential juror for cause is not reviewable on appeal. **Red at 40–41.** Its argument is that the Sixth Amendment only guarantees "the right to . . . an impartial *jury*," not the right for a particular impartial potential *juror* to be a member of the jury. U.S. Const. amend. VI (emphasis added). Accepting the government's argument would unnecessarily break new ground where we have already determined that the District Court did not err in dismissing the potential juror that equivocated as to his ability to put aside his belief that the federal government cannot impose a direct tax. There is a developing circuit split on the issue, however. The Seventh Circuit has adopted the government's position, *United States v. Cardena*, 842 F.3d 959, 973 (7th Cir. 2016), whereas the Eighth Circuit has rejected it, *United States v. Whitworth*, 107 F.4th 817, 821 n.4 (2024). This Court expressed agreement with the Seventh Circuit's approach in *United States v. Green*, 664 F. App'x 193, 197 (3d Cir. 2016), but has yet to address the issue in a precedential opinion.