# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3043
_____

United States of America

*Plaintiff - Appellee*

v.

Charles Sorensen

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: May 13, 2025
Filed: August 27, 2025
_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.
_____

BENTON, Circuit Judge.

A jury convicted Charles Randall Sorensen of seven counts of tax evasion and fraud in violation of 26 U.S.C. §§ 7206(1), 7201, 7203, and 18 U.S.C. § 287. The district court[1] sentenced him to 41 months in prison. Sorensen appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1] The Honorable Patrick J. Schiltz, Chief Judge, United States District Court for the District of Minnesota.

# I.

Sorensen, a successful pilot for 37 years, retired from Delta Air Lines in 2016 at the mandatory retirement age of 65. His history of tax evasion extends back to at least 2010, when he and his then-wife accumulated tax debts because Sorensen under-withheld contributions from his paychecks against the advice of their Certified Public Accountant.

Relevant here, from at least 2016 to 2021, Sorensen engaged in a pattern of conduct intended to evade the assessment, payment, and collection of federal income taxes for years 2015 to 2019. He failed to file tax returns, filed false tax returns, filed returns claiming refunds to which he was not entitled, hid income and assets, and refused to cooperate with the IRS.

Facing IRS collection efforts, Sorensen concealed his sources of income and sheltered assets. He created shell companies, including LAWTAM—a purportedly religious and humanitarian nonprofit organization—and opened bank accounts in the names of those shell companies. After the IRS subjected LAWTAM's business accounts to levies, Sorensen transferred funds to LAMP—a sham educational organization.

Eventually, Sorensen liquidated his investments and retirement accounts, depositing the proceeds into a cryptocurrency exchange. The IRS could not impose levies on the account because Sorensen transferred assets to a digital wallet. Throughout, Sorensen filed frivolous documents and lawsuits, challenging the authority of the IRS to assess and collect income taxes.

In sum, Sorensen became accountable for a tax loss of $370,471 relating to individual taxes evaded in tax years 2015 to 2019, and an intended tax loss of $1,491,251 relating to his false claim for a refund in tax year 2019. The aggregate tax loss was $1,861,722.

A jury convicted Sorensen of two counts of filing a false tax return, one count of tax evasion, three counts of failing to file a tax return, and one count of making a false claim against the United States. The district court sentenced him to 41 months in prison. On appeal, Sorensen challenges the district court's admission at trial of testimony from various witnesses not qualified as experts, and its application of the sophisticated means enhancement at sentencing.

## II.

If a defendant properly objects to a district court's admission of evidence, this court reviews for an abuse of discretion. *United States v. Whitworth*, 107 F.4th 817, 822 (8th Cir. 2024). This court gives "great deference to the district court's balancing of the probative value of the evidence against its prejudicial impact." *Id*. To reverse, an improper evidentiary ruling must have "affected the defendant's substantial rights or had more than a slight influence on the verdict." *United States v. Brandon*, 64 F.4th 1009, 1020 (8th Cir. 2023).

Sorensen argues that the district court abused its discretion by allowing three witnesses to testify at trial without expert qualification. Federal Rule of Evidence 702 governs the admissibility of expert testimony, allowing individuals to testify if their knowledge can "help the trier of fact" and is based on sufficient facts and reliable principles. **Fed. R. Evid. 702**. But Rule 702 alone does not capture the full scope of witnesses permitted to testify. Rule 701 permits a lay witness to provide "opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Ali*, 616 F.3d 745, 754 (8th Cir. 2010); **Fed. R. Evid. 701**. "The testimony of a summary witness may be received so long as she bases her summary on evidence received in the case and is available for cross-examination." *United States v. King*, 616 F.2d 1034, 1041 (8th Cir. 1980).

This court determines "whether a witness is offering expert or lay opinion testimony by considering both the witness and his opinion." *United States v. Watkins*, 127 F.4th 1142, 1144 (8th Cir. 2025). A witness's "professional training and experience" about a subject "does not, standing alone, render his testimony about that subject expert testimony." *Id*. at 1145. "If a witness's testimony is limited to firsthand knowledge and personal experience, it is permissible lay testimony." *Id*. "Testimony by an IRS agent that allows the witness to apply the basic assumptions and principles of tax accounting to particular facts is appropriate in a tax evasion case." *United States v. Ellefsen*, 655 F.3d 769, 780 (8th Cir. 2011).

Sorensen challenges the admission of the testimony of three witnesses: CPA Paul E. Strot, IRS Revenue Agent Anna Johnson, and IRS Witness Coordinator Renee McClain.

### A. Paul E. Strot

Sorensen argues that Strot's testimony required expert qualification because "it involved forensic accounting and the application of tax law." By Sorensen's account, Strot's testimony included: 1) identifying and analyzing financial documents not admitted into evidence; 2) applying IRS guidelines to determine taxable income and detect inconsistencies; and 3) advising on the impact of tax-withholding decisions and explaining how underpayment penalties were calculated.

Strot, an accountant for 45 years, had prepared tens of thousands of individual federal tax returns. He helped prepare Sorensen's and his then-wife's joint tax return in 2010. Strot testified about his personal interactions and experiences in preparing the returns. He testified, for example, that "Mr. Sorensen's rate of withholding was far less than his wife's," and that Sorensen "expressed extreme displeasure in the tax system itself" when Strot recommended claiming less exemptions and credits on his returns. Strot did not testify about complex tax concepts, nor did he rely on documents not admitted into evidence. His testimony was "limited to firsthand knowledge and personal experience," rendering it "permissible lay testimony." *Watkins*, 127 F.4th at 1144.

Sorensen relies on *United States v. Spencer*, 700 F.3d 317, 321 (8th Cir. 2012). There, the defendant raised concerns about the probative value of the expert's testimony, and whether the expert's testimony "usurped the jury's role as factfinder," rendering it prejudicial. *Spencer* did not consider whether a witness's testimony was within the ambit of Rule 702 altogether. It is neither instructive nor persuasive.

## B. Anna Johnson

Sorensen argues that because IRS Agent Anna Johnson "relied on technical accounting and legal applications beyond the understanding of a layperson," her testimony should not have been admitted. In his words, Johnson's testimony included: 1) interpreting and summarizing financial records; 2) calculating taxable income using IRS computer systems; and 3) determining penalties under specific provisions of the tax code. The district court's admission of such testimony "allow[ed] [Johnson's] technical conclusions to be presented without the safeguards of expert testimony."

Johnson has worked as a Revenue Agent for the IRS since 1991. Her chief responsibility includes auditing the tax returns of businesses and individuals. She was tasked with computing the 2017, 2018, and 2019 tax losses for Sorensen. She testified she applied IRS tax and penalty tables to Sorensen's W-2 and 1099 income to calculate his proper tax obligation for years 2015 to 2019. She made no independent judgments about whether items in Sorensen's documents were or were not taxable or deductible. Nor did Johnson independently compute her own calculations, she instead "pulled [them] from the IRS's system[.]" Her testimony was based on tax documents that were each admitted into evidence without objection.

Sorensen's argument fails. Agent Johnson's testimony was based on her work *in this case,* and "testimony of a summary witness may be received so long as she bases her summary on evidence received in the case and is available for cross-

examination." ***United States v. Robinson***, 439 F.3d 777, 781 (8th Cir. 2006). More, Johnson relied on her industry experience to complete her assignment. "Perceptions based on industry experience are a sufficient foundation for lay opinion testimony." ***United States v. Smith***, 591 F.3d 974, 982 (8th Cir. 2010). The district court committed no abuse of discretion in admitting her testimony.

### C. Renee McClain

Sorensen challenges the admission of lay testimony from IRS Witness Coordinator Renee McClain, who "introduced IRS document[s] and summaries of tax information the IRS amassed regarding [a]ppellant's returns." Sorensen alleges that McClain served as a summary witness who "testif[ied] about the 'summary' nature of account transcripts or tax return transcripts."

McClain serves as a custodian of records for the IRS. Her testimony involved certifying IRS records and outlining their basic purpose. It did not include analysis or interpretation as Sorensen claims.

### III.

Sorensen argues that the district court committed error by allowing testimony from IRS agent Bart Brellenthin and Special Agent Michael Leach without expert qualification. While Sorensen properly objected to the testimony of Strot, Johnson, and McClain, he failed to do so for these two. When "a defendant fails to object to the admission of evidence at trial, we review for plain error." ***United States v. Eagle,*** 515 F.3d 794, 801 (8th Cir. 2008). Under plain-error review, the defendant has the burden to prove that there was (1) error, (2) that was plain, and (3) that affected substantial rights. ***Id***. "If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." ***United States v. Eagle***, 515 F.3d 794, 801 (8th Cir. 2008).

The district court committed no error. Agents Brellenthin and Leach testified as fact witnesses, discussing their personal acts while investigating Sorensen's case.

Brellenthin's testimony focused on his attempts to collect Sorensen's tax debt. While Sorensen's assertion that Brellenthin "testified about IRS collection procedures" is accurate, it was "limited to firsthand knowledge and personal experience," rendering it "permissible lay testimony." ***Watkins***, 127 F.4th at 1144. The same goes for Agent Leach, who discussed evidence retrieved from a search of Sorensen's home, how he moved money around, and his admissions during an interview. Both witnesses applied their knowledge and experience to the specific facts of Sorensen's case. *See **United States v. Overton***, 971 F.3d 756, 762–63 (8th Cir. 2020) (finding that investigating officers "may offer [lay] testimony that is rationally based on their perceptions during the investigation").

**IV.**

Sorensen argues that the district court erred in applying the sophisticated means enhancement at sentencing. "We review the district court's application of the Guidelines and imposition of sentencing enhancements de novo." ***United States v. Norwood***, 774 F.3d 476, 479 (8th Cir. 2014). Sentencing judges "are required to find sentence-enhancing facts only by a preponderance of the evidence." ***Id.*** This court reviews factual findings at sentencing for clear error. ***United States v. Finck***, 407 F.3d 908, 913 (8th Cir. 2005).

The Sentencing Guidelines define "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." **U.S.S.G. § 2B1.1, comment. n.9(B)**. "Even if any single step is not complicated, repetitive and coordinated conduct can amount to a sophisticated scheme." ***United States v. Huston***, 744 F.3d 589, 592 (8th Cir. 2014).

The evidence supporting a sentencing enhancement here is overwhelming. Sorensen created shell companies, including fictitious religious entities like LAWTAM and LAMP, to hide funds and pay personal expenses. Note 9(B) expressly provides that "hiding . . . transactions . . . through the use of fictitious entities [or] corporate shells . . . ordinarily indicates sophisticated means." ***United States v. Septon****,* 557 F.3d 934, 937 (8th Cir. 2009). He also liquidated investment

-7-

and retirement accounts in cryptocurrency, evading IRS levies. His scheme included opening numerous bank accounts with low balances to discourage levies, sending troves of frivolous correspondence to the IRS to impede the investigation, and using his then-wife's name on incorporation documents without her knowledge. All told, Sorensen employed advanced strategies at extreme lengths to avoid paying his taxes. Application of "the sophisticated-means enhancement is proper when the offense conduct, viewed as a whole, was notably more intricate than that of the garden-variety offense." *Norwood*, 774 F.3d at 480.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____